## ARMSTEAD COLEMAN *v.* THE STATE.

1. JURORS. *Leave of absence. Judicial power.*

   In a capital case, where the accused waives a special venire, the circuit judge may, *suo motu,* give one of the regular jurors leave of absence to attend upon a dying brother. *Boles* v. *State,* 13 S. & M. 398, distinguished.

2. SAME. *Impanelling. Curing error.*

   If the absent juror under such circumstances is brought back and tendered to the accused, who peremptorily challenges him, this cures all ground of complaint if any exists.

3. SAME. *Error not hurtful to accused.*

   If the judge retraces his steps, he should recommence at the point where the objection was made, and proceed; but if he begins the impanelling anew and reforms the entire jury in the same manner and with the same result as before, the accused cannot complain.

4. SAME. *Competency. Scruples against capital punishment.*

   Jurors who will not convict of murder with the death penalty on circumstantial evidence may be rejected in a case depending on direct testimony, for the standard of competency is not determined by the character of proof expected.

5. INSTRUCTIONS. *Murder. Propriety in diction.*

   Use of the word "affect" for "effect" cannot, in a clear case of murder, be availed of first in the Supreme Court, as an objection to the charge that "the killing of a human being without the authority of law by any means or in any manner, when done with a deliberate design to affect the death of the person killed or of any human being, is murder."

6. SAME.  *Capital crime.  Good character.*

Evidence of good character should go to the jury like any other fact, and the jury should not be instructed that it " is insufficient to raise a reasonable doubt when, excluding such evidence, the case is otherwise made out against the accused."

7. SAME.*  *Appellate practice.  Immaterial error.*

Such an instruction will not cause a reversal, if the indisputable fact of the atrocious murder charged in the indictment renders a verdict of guilty inevitable, and no evidence of character can induce a doubt of guilt.

APPEAL from the Circuit Court of Clay County.

Hon. JAMES M. ARNOLD, Judge.

A girl with whom the appellant was in love refused to let him escort her home from church one night, and went with another man.   At a dark spot in the path, he confronted them with a drawn pistol, and without a word shot first at the girl's escort, and grazed his cheek, and then at her, the ball striking her between the eyes and passing through her brain.   He was convicted as charged under an indictment for murder, and sentenced to be hanged.

In impanelling the jury from the regular jurors, the appellant waiving a special venire, the district attorney asked the twelve men tendered by the court to the State as a jury "if any of them were conscientiously opposed to convicting a man upon circumstantial evidence of an offence for which death was the penalty."   Two of the jurors stated that " they would not be willing to convict and would not convict any one of a crime the penalty of which was death upon circumstantial testimony."   The court thereupon excluded these jurors as incompetent, stating to the defendant's counsel that, if not satisfied, he could examine them further as to their competency without being required to accept or challenge them.   But the accused, having reserved exceptions to all these actions of the court, asked no questions.

Proceeding then with the regular jurors, the name of W. A. Davis was reached, when the judge announced that the juror told him that his brother was dying, and, being satisfied of the truth of his statement, he excused him and permitted him to go home.   The accused had this made of record, and the im-

panelling continued until the jury was complete and tendered to the State, when the court of its own motion (on account of the protest and exception of the defendant to the court's action as to W. A. Davis), set aside the panel, sent for Davis, and proceeded *de novo* to impanel a jury. The accused objected, and over his objection throughout the court proceeded with the same jurors in the same manner and with the same result, and the defendant reserved the same exceptions as before, until the name of W. A. Davis was reached, when he was passed by the court, and the jury being completed and accepted by the State was tendered to the accused, who challenged Davis peremptorily.

Over the defendant's objections, the court gave for the State the following charges: " (1.) The killing of a human being without the authority of law by any means or in any manner, when done with a deliberate design to affect the death of the person killed or of any human being, is murder." " (2.) Every homicide is presumed to have been committed with malice, and it devolves upon the party proven to have committed it to show to the contrary, unless it arises out of the evidence produced against him." " (3.) Evidence of the good character of the defendant is always competent to go to the jury in all criminal cases, but such evidence is insufficient to raise a reasonable doubt when, excluding such evidence, the case is otherwise made out against the accused." " (4.) Reasonable doubt is not a vague conjecture, nor mere supposition or hypothesis, but it is such a doubt as reasonably arises out of the testimony in the case, a doubt for which a reason can be given; mathematical or demonstrable certainty is not required. While the testimony should be equal to that which controls and decides the conduct of men in the highest and most important affairs of life, all that is required to enable a jury to return a verdict of guilty is, after a comparison and consideration of all the testimony, to believe conscientiously that it establishes the guilt of the defendant as charged."

*Fred Beall*, for the appellant, argued orally and in writing.

1. Jurors who will not convict of a capital crime on circumstantial evidence alone, are competent in a case which like this depends upon direct proof. Code 1880, §§ 1661, 3072;

*Jones* v. *State*, 57 Miss. 684. The district attorney should have known on what testimony the prosecution was based. *McCarty* v. *State*, 26 Miss. 299; *Josephine* v. *State*, 39 Miss. 613.

2. The court had no right to excuse W. A. Davis without the knowledge of the accused. Code 1880, § 3076; *Boles* v. *State*, 13 S. & M. 398. Disbanding and reorganizing the jury was fatal. *Nelson* v. *State*, 47 Miss. 621; *Stewart* v. *State*, 50 Miss. 587; *Rolls* v. *State*, 52 Miss. 391; *Thompson* v. *State*, 58 Miss. 62. A man's life cannot be thus experimented with. *McQuillen* v. *State*, 8 S. & M. 587; *Chase* v. *State*, 46 Miss. 683.

3. Charges on the weight of evidence, like the third for the State, are always erroneous. *Holly* v. *State*, 55 Miss. 424. If good character is not sufficient to raise a reasonable doubt where without it the case is made out for the State, it is useless to prove it. The charge is condemned, however, by all authorities. *Felix* v. *State*, 18 Ala. 720; *Martin* v. *State*, 47 Ala. 564; *Fields* v. *State*, 47 Ala. 603; *Foster* v. *State*, 47 Ala. 643; *Davis* v. *State*, 10 Ga. 101; *Hopps* v. *People*, 31 Ill. 385; *Harris* v. *State*, 47 Miss. 318; *Scott* v. *State*, 56 Miss. 287. This point was material, and it cannot be held that no harm was done to the appellant. *Josephine* v. *State*, 39 Miss. 613.

4. The first charge has only to be read to be condemned. How can mortal man affect death? The second instructs that every homicide is presumed to be murder until the accused shows his innocence. This is manifestly wrong. *Hogsett* v. *State*, 40 Miss. 522; *Cunningham* v. *State*, 56 Miss. 269. Jurors' minds were so affected by these errors that the case must be remanded in order that justice may be effected.

*G. R. Rasberry*, on the same side.

1. The second charge is against common sense, law, and the current of authority. Murder is not presumed from homicide, and the burden of proving his innocence is not on the accused. The law clothes him with the presumption of innocence which the State must overcome. *State* v. *Wingo*, 66 Mo. 181; *Stokes* v. *State*, 53 N. Y. 164; *Maher* v. *People*, 10 Mich. 212; *State* v. *Morphy*, 33 Iowa, 270; *State* v. *Porter*, 34 Iowa, 131; *State* v. *Felter*, 32 Iowa, 49; *State* v. *Merrick*, 19 Maine, 398; *State*

v. *Flye*, 26 Maine, 312; *Chaffee* v. *United States*, 18 Wall. 516; *Commonwealth* v. *Kimball*, 24 Pick. 366; *Commonwealth* v. *Bradford*, 9 Met. 268; *People* v. *White*, 24 Wend. 520; *Flanagan* v. *People*, 52 N. Y. 467; *Ogletree* v. *State*, 28 Ala. 693; *Bowler* v. *State*, 41 Miss. 570; *McBeth* v. *State*, 50 Miss. 81; *Pollard* v. *State*, 53 Miss. 410; *Russell* v. *State*, 53 Miss. 367; *Cunningham* v. *State*, 56 Miss. 269; *Hawthorne* v. *State*, 58 Miss. 778; Horrigan & Thompson Lead. Cases on Self-Defence, 905, 927.

2. Good character is a fact for the consideration of the jury, and it was manifest error to charge them to disregard it. Such evidence is proper where no doubt exists, even to generate a doubt. *Felix* v. *State*, 18 Ala. 720. It may create a reasonable doubt. *Fields* v. *State*, 47 Ala. 603. The third charge was against the law, and directly on the weight of evidence.

*T. C. Catchings*, Attorney General, for the State.

1. If the accused had broken down the testimony of the girl's escort, the case would have been circumstantial; and it was proper to have the jurors up to the standard, in order to meet every contingency. Cases cannot be tried in impanelling the jury. Competency does not depend on the evidence.

2. No harm was done in the matter of the juror Davis. The court had the right to excuse him, and all objections were obviated by his peremptory challenge. Some discretion in the judge is allowable, and its exercise in this instance was no error.

3. The first instruction defines murder in the very language of the statute. A similar charge was held good in the case of *Cavanah* v. *State*, 56 Miss. 299. An instruction identical in principle with the second charge was approved in *Hawthorne* v. *State*, 58 Miss. 778. A charge in all respects like the third was sustained in *Mask* v. *State*, 36 Miss. 77. But the murder was clearly proved, and good character could have no bearing. The instructions in view of the facts could not have misled the jury.

CAMPBELL, J., delivered the opinion of the court.

The fact that the circuit judge had given the juror Davis leave of absence to attend upon a dying brother was not a

legal cause of exception by the prisoner. The absent juror was brought back, and tendered to the prisoner, who challenged him, and this removed all ground of complaint, if any existed; but it has not been held, and we will not hold, that the circuit judge may not, in the prudent exercise of a sound discretion, excuse a juror from attendance in a capital case, for a cause deemed good by him. The facts of this case are very different from those in *Boles* v. *State*, 13 S. & M. 398, and it is not necessary to say whether we would follow the ruling in that case or not.

As the presiding judge determined to respect the objection of the prisoner, because of the absence of the juror Davis, so far as to retrace his steps, and to obtain the attendance of Davis, he should have stopped at the point at which the objection was made on account of Davis, and, retaining in the panel those jurors who were called before the name of Davis was reached, should have proceeded; but as the result was reached which this course would have insured, no error occurred to the prejudice of the prisoner, who after the return of Davis was presented with the same persons as jurors who were in the box when he raised his objection on account of his absence. The prisoner cannot be permitted to complain successfully of the action of the court in pausing and sending for the juror Davis, and commencing anew to make up a jury, as this course was, in the opinion of the circuit judge, made proper by the objection of the prisoner because of the absence of that juror by leave of the judge.

It was not error to exclude from the jury those who were unwilling to convict of murder, to be followed by death to the convict, upon circumstantial evidence. *Jones* v. *State*, 57 Miss. 684. That the case did not depend on circumstantial evidence made no difference. It would be unsafe to tolerate such a distinction. It cannot be known in advance in any case how far it may depend on circumstantial evidence. The competency of jurors is not determinable by the character of evidence expected to be introduced, but by the fitness or unfitness of the juror with respect to the standard erected by law for every character of case.

It is incredible that the use of the word " *affect* " instead of

" *effect* " in the first instruction for the State could have done any harm. It is not probable that attention was called to it in the Circuit Court. It would, no doubt, have been promptly corrected, if it had been mentioned there, and it will not avail here.

The other instructions for the State are free from objection, except the third, and it *apparently* varies but little from the instruction on the same subject in *Wesley* v. *State*, 37 Miss. 327. A careful comparison shows a material difference between the two instructions. That in the case cited announced that " no character, however good, is sufficient to authorize the jury to find the prisoner not guilty, if the proof is otherwise clear and satisfactory that the defendant is guilty as charged." The instruction before us declares that evidence of good character " is insufficient to raise a reasonable doubt when, excluding such evidence, the case is otherwise made out against the accused," and is objectionable as being on the weight of certain evidence. We do not approve this view of the law with respect to evidence of the good character of the accused. " A good name is rather to be chosen than great riches," and in no other emergency of one's life may it or should it prove to be such a tower of strength and such an effective shield as when he is charged with crime. Evidence of the good character of the accused should go to the jury as any other fact, and its influence in the determination of the case should be left to the jury without any intimation from the court of its value. The court should not tell the jury that satisfactory evidence of the good character of the accused is or is not sufficient to raise a reasonable doubt of his guilt. The jury is to have this evidence as an aid to estimate the other evidence, and by the light of the whole to reach a verdict. There may be many cases where proof of good character would turn the scales in favor of the accused, and the just value of such evidence should not be depreciated by an instruction limiting its efficiency in any case. This is the view which we understand to have been held in *Wesley* v. *State*, cited above. At all events it is our view, and must govern on this subject.

Although the third instruction for the State is not a proper one, it is not a sufficient cause for a reversal of the judgment.

It is impossible for it to have harmed the prisoner. It is inconceivable that it had any influence on the jury. The indisputable fact of the atrocious murder charged in the indictment rendered a verdict of guilty inevitable, and no evidence of character could induce a doubt of guilt.

*Judgment affirmed.*