M. F. POWERS *v.* THE STATE OF MISSISSIPPI.

1. CRIMINAL LAW. *Reasonable doubt. Instruction.*

An instruction which undertakes to define a reasonable doubt ought not to be given. *Brown* v. *State*, 72 Miss., 95; *Burt* v. *State, Ib.* 408, approved.

2. SAME. *Evidence. Character.*

Evidence of the good character of the accused should be left to the jury without any instruction from the court as to its value.

3. SAME. *Declaration to accused by deceased. Dying declaration. Conclusion.*

A statement by decedent, otherwise admissible as a dying declaration, made to the accused in these words: "You have killed me without cause," is not incompetent because the expression of a mere conclusion.

FROM the circuit court of Panola county, second district.

HON. Z. M. STEPHENS, Judge.

Appellant was indicted for the murder of one Mills, was tried and convicted of manslaughter, and appealed. On the

trial it was shown that appellant shot Mills, that almost immediately after the shooting, and before Mills was removed from the scene of the conflict, and when he was *in extremis*, appellant walked up and said to decedent that he "was sorry he did it" or "sorry that he had to do it" (witnesses were not certain which form of expression was used); and that deceased responded: "You have killed me without cause." To the introduction of the statement of deceased objection was made that the statement was a mere conclusion, but the objection was overruled. Evidence of the good character of the defendant previous to the homicide was introduced by the defense. The instructions appear in the opinion.

*Stone & Lowrey* and *L. L. Pearson*, for appellant.

The eighth instruction for the state, to be "satisfied as a fair, reasonable and conscientious man," is not equivalent to finding defendant guilty beyond every reasonable doubt. *Burt* v. *State*, 72 Miss., 408; *Hammond* v. *State*, 21 So. Rep., No. 6.

The only reasonable construction of the twelfth charge is that, in determining the guilt or innocence of the defendant, the jury must eliminate all evidence of character and settle his fate by the other evidence in the case, but if from this the jury are unable to say whether he is guilty or innocent, then the jury may consider the question of character. This is not the law, as expressly held in *Coleman* v. *State; Hammond* v. *State*, 21 So. Rep., No. 6; Rice on Crim. Ev., secs. 371, 373, 375, 378, 379.

The statement of deceased to appellant, after the killing, "You have killed me without cause," was admitted by the court as a dying declaration. If the deceased had been present in court testifying, he could not have given his conclusions from the facts. A dying declaration must be a narrative of the facts. We are aware that this court, in *Payne* v. *State*, 61 Miss., 161, has held almost the identical language here used by the deceased admissible as a dying declaration, but, with all due

deference to the learned judge who rendered the opinion, we respectfully ask the court again to pass upon whether the language here used is not a conclusion, rather than a statement of the facts attending the killing.

*Wiley N. Nash,* attorney-general, for appellee.
The reporter fails to find a brief for appellee on file.

WOODS, C. J., delivered the opinion of the court.

The eighth instruction given for the state is in these words, viz.: "The court instructs the jury that while it is true they must, in order to convict the accused, believe him guilty beyond a reasonable doubt, arising out of the evidence, and to a moral certainty, yet this thing of a reasonable doubt the law cannot and does not undertake to define. The jury are not required to know that the defendant is guilty, but it is only necessary, in order to convict, that the jury, after a full consideration and comparison of all the evidence, should be satisfied, from the evidence, as fair, reasonable, and conscientious men, of the defendant's guilt, and if they so believe it is their duty to convict."

Singularly enough, this instruction very properly and accurately states the impossibility of and the aversion to, by the law, of doing that which is incapable of being done, to wit, the definition of a term which is indefinable, and then proceeds in an attempt to enlighten the jury as to what is a reasonable doubt —to declare, in effect, that when all the evidence satisfies the jury, as fair, reasonable, and conscientious men, of defendant's guilt, then it is their duty to convict, which is equivalent to stating that in such case there is no reasonable doubt. The error of the instruction is glaring. Every jury is presumably composed of fair, reasonable, and conscientious men. The law requires the selection of such men in cases of murder, and when the competency of the jurors has been declared by the court under whose direction the selection of jurors is made, the further presumption arises that this requirement of the law has been

complied with. Now, with such a jury, composed of such men, the instruction states that it is only necessary that all the evidence, after full consideration and comparison of it by the jury, shall satisfy the jury of defendant's guilt. The idea of satisfaction to a moral certainty, and beyond all reasonable doubt, is effectively put aside, and satisfaction only of defendant's guilt is substituted. Satisfied! How satisfied, and to what extent? Beyond all reasonable doubt? To a moral certainty, and to the exclusion of every reasonable doubt? No. The concluding member of the instruction broadly declares that satisfaction— mere satisfaction—of defendant's guilt, generated by the evidence in the minds of a jury (a fair, reasonable, and conscientious jury, if you choose to so characterize the jury—a characterization presumably applicable to every jury), is sufficient to warrant a conviction. Satisfaction of guilt is not the equivalent of satisfaction of guilt beyond a reasonable doubt. This charge falls under the condemnation of our opinion in the case of *Brown* v. *State*, 72˙ Miss., p. 95, where we first animadverted upon a charge infected with the vice which inheres in this eighth instruction in the present case. It falls under the condemnation of our opinion in the case of *Burt* v. *State*, 72 Miss., 408, which followed and reaffirmed what was held in Brown's case. It falls under the condemnation of our opinion in the case of *Hammond* v. *State*, delivered January 18, 1897, and to be reported in 74 Miss. (*Ante*, 214.) We are constrained again to condemn it. "Precept upon precept, line upon line, here a little and there a little," is one method of inculcating legal truths, as it is of teaching scriptural truths, and we patiently and hopefully await the results of this method of winning bench and bar to a recognition of and acquiescence in the judgments of this court.

The twelfth instruction given for the state is also erroneous. This charge is in these words, viz.: "The court instructs the jury for the state that if the facts in evidence are sufficient to satisfy their minds of the guilt of the defendant, character, however excellent, is no subject for their consideration, but if

they entertain any doubt, from the evidence, of defendant's guilt, they may properly turn their attention to the good character of the defendant.''. This charge informs the jury that in case of doubt—reasonable doubt, of course—of defendant's guilt arising from the evidence, then the defendant's good character may be turned to by the jury. Why turn to it at all after doubt of guilt is engendered by all the other evidence? And why permit evidence of good character to be offered at all if it is only to be considered after doubt of guilt has been generated by all the other evidence? In the case of *Coleman* v. *State*, 59 Miss., 484, this court said: '' Evidence of the good character of the accused should go to the jury as any other fact, and its influence in the determination of the case should be left to the jury, without any intimation from the court of its value. The court should not tell the jury that satisfactory evidence of the good character of the accused is or is not sufficient to raise a reasonable doubt of his guilt. The jury is to have this evidence as an aid to estimate the other evidence, and by the light of the whole to reach a verdict.'' In the very recent case of *Hammond* v. *State*, *supra*, we cited, quoted from, and reaffirmed our adherence to the principle announced in Coleman's case.

The evidence of the statement made by the deceased to the accused, to the effect that '' You have killed me without cause,'' was properly admitted as a dying declaration, as well as a statement made to the accused and not denied by him. *Payne* v. *State*, 61 Miss., 161, on this point is almost identical with the present case, and is direct authority on this particular question. *Kendrick* v. *State*, 55 Miss., 436, is in perfect harmony with *Payne* v. *State*, the opinion in both cases being delivered by the same learned judge, and its facts clearly distinguish it from the present case as well as from Payne's case. We find no other reversible errors in the record, and we regret the necessity of reversing the judgment below for the errors in giving the instructions for the state, numbered eight and twelve.

*Reversed and remanded.*