## John Lewis v. State of Mississippi.

### [47 South. 467.]

1. Criminal Law and Procedure. *Evidence. Good character.*

Testimony of a defendant's good character is always admissible in a criminal case, and may be sufficient of itself to create a reasonable doubt of his guilt.

2. Same. *Instruction. Absence of evidence.*

The refusal of an instruction to the effect that proof of defendant's good character may be sufficient of itself to create a reasonable doubt of his guilt is not error, where the only witness who testified on the subject knew nothing more than that defendant had been good while he worked for him.

3. Same. *Instruction already given.*

It is not error to refuse an instruction announcing a proposition substantially given in another.

From the circuit court of Jackson county.

Hon. William H. Hardy, Judge.

Lewis, appellant, was indicted, tried and convicted of an assault and battery with intent to kill and murder one William Jones and appealed to the supreme court.

The ninth instruction asked by defendant and refused by the trial court is as follows:

"No. 9. The court instructs the jury that good character may in itself create a reasonable doubt, when otherwise no such doubt would exist; and if, in the judgment of the jury, the evidence of good character raises a reasonable doubt of defendant's guilt, they have a right to entertain such doubt, and the defendant should have the benefit of it."

The eleventh instruction asked by defendant and refused by th trial court is as follows:

"No. 11. The court instructs the jury that, if they believe the evidence justifies, they may convict of assault and battery."

The court granted instruction No. 10 asked by the defendant,. which is as follows:

"No. 10. The court instructs the jury that, if they believe from the evidence that the gun with which the defendant assaulted Will Jones was not charged or loaded in such a manner as would cause the death of or serious injury to a person when fired at the distance the parties were from each other, they must acquit the defendant of the intent, but may convict of an assault and battery."

*John H. Cook,* for appellant.

On the facts of record the testimony of both the defendant and Jones, the court below erred in refusing instruction eleven as asked for by defendant. Where a defendant is charged with a crime which includes other offences of an inferior degree, the law of each degree or included offence which the evidence tends to prove should be given to the jury by proper instructions, and the refusal to so instruct is error. *Bedwell v. State,* 50 Miss. 492; *Curtis v. State,* 36 Ark. 284; *Brookins v. State,* 100 Ga. 310.

The indictment for an assault and battery with intent to kill and murder certainly embraces the two lessor offences of assault and assault and battery, and in common justice the defendant. should have had the benefit of the instruction.

*George Butler,* assistant attorney general, for appellee.

The court had no right to tell the jury that evidence of good character was or was not sufficient to raise a reasonable doubt of defendant's guilt. *Coleman v. State,* 59 Miss. 484. True it is that evidence of good character should go to the jury as any other fact and should be considered by them along with all the other evidence in the case; and if, when thus considered, there exists a reasonable doubt of defendant's guilt, the jury should acquit. The instruction is further objectionable because it

omits all reference as to whether the good character was established.

By the eleventh instruction the defendant sought to have the court advise the jury that if they thought the evidence justified they might convict of assault and battery, without informing them of what facts—that is, what elements, should exist to warrant this conclusion. And besides this proposition is fully covered by the tenth instruction.

CALHOON, J., delivered the opinion of the court.

The ninth instruction should have been given, and no doubt would have been given, by the learned judge below, if there had been any proper proof of defendant's good character in the record. The only witness who touches on the subject of good character manifestly knew nothing about it, and did not undertake to say anything about it, except that defendant had always been good and peaceable since he worked for him (the witness), and in another place, that it had been good since he (the defendant) has been in my employment." This action, therefore, does not militate against the proposition, which should always be adhered to by the courts, that testimony of good character is always admissible for the defense. This is not statutory, but lies at the basis of popular government. It is not only always admissable for what it is worth, but, if on the minds of the jury it produces a reasonable doubt, this doubt may be acted on.

The objections to the other instructions are not tenable. If that to the eleventh charge could be sound, asked by the defense and refused, we think the idea it conveys is fully covered by the tenth instruction, asked for by the accused and given by the court.

*Affirmed.*