JOHN ANDERSON v. STATE OF MISSISSIPPI.

[53 South. 393.]

CRIMINAL LAW AND PROCEDURE. *Murder. Good character of defendant. Instruction touching.*

Evidence of a defendant's good character should go to the jury like evidence of any other fact, and should be left to the jury without intimation from the court touching its value; and it is not error to refuse a requested instruction to the effect that proof of defendant's good character may be sufficient of itself to create a reasonable doubt of his guilt. *Coleman. v. State,* 59 Miss. 484, *approved: Lewis v. State,* 93 Miss. 697, *overruled.*

FROM the circuit court of Clarke county.

HON. JOHN L. BUCKLEY, Judge.

Anderson, appellant, was indicted and tried for the murder of Staten Calvert, was convicted of manslaughter, and appealed to the supreme court. The opinion of the court sufficiently states the facts.

*J. A. Anderson,* for appellant.

This is a close case on the facts. A strong showing of self-defense was made by appellant. Had the appellant's eleventh instruction been granted by the trial court, the result would have been different. That instruction is couched in very nearly the same language as the instruction in the *Lewis case,* 93 Miss.

967, which this court said should have been given had the good character of appellant been shown by the evidence.

In the present case the good character of the appellant, Anderson, was substantially shown by the testimony of different witnesses.

*James R. McDowell,* assistant attorney-general, for appellee.

The only error assigned by appellant is the refusal of the eleventh instruction asked by him in the court below. *Lewis v. State,* 93 Miss. 697, is not here applicable. The wording of the instruction in that case is entirely different from the instruction here under consideration. In the instant case, the instruction is virtually a charge on the weight of evidence. The jury is told that evidence of good character may of itself raise a reasonable doubt without being told that it is to judge of whether or not this evidence of good character is sufficient to raise such a reasonable doubt. Appellant is not shown in the instant case to possess an immaculate character. The witnesses for appellant, of whose testimony the refused instruction was predicated simply testified that so far as they knew and heard appellant had a good reputation. This is not such evidence of character as entitles appellant to the instruction asked, or even to the instruction asked in the *Lewis case, supra,* which was refused.

MAYES, C. J., delivered the opinion of the court.

John Anderson was indicted in Clarke county for the murder of one Staten Calvert some time in the year 1909. He was tried and convicted of manslaughter, and sentenced to the penitentiary for twenty years, and from this conviction prosecutes an appeal to this court.

In regard to the facts of the case, we need only say that the conviction was fully warranted, and the verdict cannot be dis-

Opinion of the court.

turbed, unless there is error in the trial court's instructions. It is contended for appellant that the court erred in refusing the following instruction, viz.: "The court instructs the jury, for the defendant, that if they believe, from the evidence in this case, that at the time of the killing the defendant bore a good character for peace, then said evidence may, of itself, raise a reasonable doubt in the mind of the jury as to the guilt of the defendant, and entitle him to a verdict of not guilty." It is quite true that this court seems to have approved this instruction in the case of *Lewis v. State,* 93 Miss. 697, 47 South. 467; but any discussion of the instruction was entirely unnecessary, and outside of any question that the court was compelled to decide at the time. But if this is not exactly correct, so far as the decision in the *Lewis case, supra,* approves this instruction, it must be overruled. The decision in the *Lewis case* is in conflict with three different decisions of this court holding the reverse of what is declared in the *Lewis case, supra.*

The true statement of the law is to be found in the case of *Coleman v. State,* 59 Miss. 484, and is as follows, viz.: "Evidence of the good character of the accused should go to the jury as any other fact, and its influence in the determination of a case should be left to the jury, without any intimation of the court of its value. The court should not tell the jury that satisfactory evidence of the good character of the accused is or is not sufficient to raise a reasonable doubt of his guilt. The jury is to have the evidence as an aid to estimate the other evidence, and by the light of the whole to reach a verdict." The law announced by the *Coleman case* as above quoted was followed by this court in the case of *Hammond v. State,* 74 Miss. 214, 21 South. 149, and *Powers v. State,* 74 Miss 777, 21 South. 657.

*Affirmed.*