WELCH *v.* STATE.

[69 South. 770.]

1. CRIMINAL LAW. *Trial. Instructions.*

In a trial for assault with intent to commit rape an instruction that the strongest proof of the good reputation of the prosecutrix for virtue and chastity is the proof that no one had heard her reputation in this particular discussed before the alleged assault, was erroneous, because, besides being an instruction upon the weight of the evidence, the court treated the state's evidence as proof.

2. SAME.

> Such an instruction was further erroneous in assuming that no one had heard the reputation of the prosecutrix discussed in this particular, especially when a number of defendant's witnesses testified to the contrary.

APPEAL from the circuit court of Itawamba county.

HON. CLAUD CLAYTON, Judge.

Arthur Welch was convicted of assault with intent to rape, and appeals.

The facts are fully stated in the opinion of the court.

*J. A. & J. E. Cunningham, Brown & Cleveland* and *Julius E. Berry* for appellant.

In the hurry of things this man failed to get a fair consideration at the hands of the jury because of the following erroneous instruction, to wit: "The court further charges the jury for the state that the strongest proof of the good reputation of the prosecutrix for virtue and chastity is the proof that no one heard her reputation in this regard discussed before the alleged assault."

This instruction singles out "the proof that no one had heard her reputation questioned" etc., and assumes that it had been proven that no one had heard it questioned, when in truth a great array of witnesses testified they had heard it questioned, and is error for assuming that such proof was not contradicted.

The instruction is reversible error for commenting on the weight of the evidence in telling the jury that "the strongest proof" (which is equivalent to saying that the evidence of the two Tharps, Deboe and Northington is the strongest proof of her good character). To support our contention, we cite and quote from the following authorities in point, to wit: Section 893, Anno. Code 1906, and citations thereunder.

In the case of *Hammond* v. *State* handed down by WHITFIELD, J., 21 So. 149, the following is said in point. rendering clear and sustaining our position, to wit:

"Good character of a defendant is of itself a sufficient fact from which a reasonable doubt of guilt may arise. The court had already charged the jury that the good character of a defendant was a fact they should consider, in connection with all the evidence in determining the guilt or innocence of the defendant. The charge was properly refused. This court said in *Coleman's Case* 59 Miss. 490: 'Evidence of the good character of the accused should go to the jury as any other fact, and its influence in the determination of the case should be left to the jury, without any intimation from the court as to its value. The court should not tell the jury that satisfactory evidence of the good character of the accused is or is not sufficient to raise a reasonable doubt of his guilt.' "

In the case of *Powers* v. *State,* 21 So. 657, handed down by Chief Justice Woods, the court held an instruction error, which commented on the weight of evidence, and reannounced the above-quoted broad principle referred to as a guide to the *nisi prius* courts of this state, to wit:

"This charge informs the jury that in case of doubt, reasonable doubt, of course—of defendant's guilt, arising from the evidence then the defendant's good character may be turned to by the jury. Why turn to it at all, after doubt of guilt is ingendered by all the other evidence? And why permit evidence of good character to be offered at all, if it is only to be considered after doubt of the guilt has been generated by all the other evidence.

"In the case of *Coleman* v. *State,* 59 Miss. 484, this court said: 'Evidence of the good character of the accused should go to the jury as any other fact, and its influence in the determination of the case should be left to the jury without any intimation from the court of its value. The court should not tell the jury that satisfactory evidence of the good character of the accused is or is not sufficient to raise a reasonable doubt of his guilt.' "

To sustain our view we quote the following short statement from 15 So. 890, delivered by Justice Woods, which

we think clearly settles the issue raised by this motion, to wit:

"The first instruction given for appellee is justly obnoxious to the criticism of containing a comment on the testimony of the two chief witnesses for the appellant, and as charging the jury on the weight of the evidence. The jury was informed by the court that the evidence of these witnesses was to be received with caution as the opinions of such witnesses, however honestly entertained, may be erroneous" etc.

The singling out of the witnesses supposed to have been expert witnesses (whether or not they were it is unnecessary for us to determine) for discrediting remark by the court, and the unfavorably contrasting their evidence with the other evidence in the case, was in disregard of section 732, Code 1892. The evidence of expert witnesses is to be received and treated by the jury precisely as other testimony. Its value may be very great, or it may be of little worth. It may be conclusive, or it may not be even persuasive. Its weight will be determined by the character, the capacity, the skill, the opportunities for observation, and the state of mind of the experts themselves, as seen and heard and estimated by the jury, and it should be added, by the nature of the case, and all its developed facts. Lawson, Exp. Ev. 240; *Humphries* v. *Johnson,* 20 Ind. 190; *Railroad Co.* v. *Thul,* 32 Kan. 255, 4 Pac. 352; *Thompson* v. *Ish,* 99 Mo. 160, 12 S. W. 510; *Carter* v. *Baker,* 1 Sawyer 512, Fed. Cas. No. 2472; *Stone* v. *Railroad Co.,* 66 Mich. 76, 33 N. W. 24. Reversed."

The instruction under consideration here does just what is forbidden above, viz., it partially and favorably contrasts the evidence of the two Tharps, Deboe, and Northington with the evidence of the defendant's witnesses, who had heard the character of prosecutrix questioned and led the jury to understand that the statements of the state witnesses on this point were to be belived in preference to the statements made by the de-

fendant's witnesses regarding the same point, and of course, the question of character was a vital issue in the cause.

We cite another strong case in support of this view, handed down by Chief Justice Woods, 23 So. 370.

Cook, J., delivered the opinion of the court.

Appellant was convicted of an assault with intent to rape. The previous chaste character of the prosecutrix was put in issue, and upon this subject the evidence was in sharp conflict. The state's evidence was of a negative nature, while the evidence offered by the defendant was positive.

At the request of the state the court instructed the jury as follows:

"The court further charges the jury for the state that the strongest proof of the good reputation of the prosecutrix for virtue and chastity is the proof that no one had heard her reputation in this particular discussed before the alleged assault."

The giving of this instruction was error. *Coleman* v. *State,* 59 Miss. 484; *Hammond* v. *State,* 74 Miss. 214, 21 So. 149. Besides being an instruction upon the weight and value of the evidence the court treated the state's evidence as proof.

Again, it will be observed that this instruction assumes "that no one had heard her reputation in this particular discussed before the alleged assault." This assumption finds no support in the evidence, for the reason that a number of defendant's witnesses gave testimony quite the reverse of this *dicta* of the trial judge.

*Reversed and remanded.*