CALLOWAY *et al. v.* STATE.

(Division A.   Dec. 16, 1929.)

[125 So. 109.   No. 28356.]

See, also, 121 So. 292.

**Friday & Windham**, of Booneville, for appellants.

**Forrest B. Jackson**, Assistant Attorney-General, for the state.

**McGowen, J.,** delivered the opinion of the court.

On an indictment charging appellants with manufacturing whisky, they were tried, convicted, and sentenced in the court below to serve a term of two years in the state penitentiary, from which conviction and sentence they appeal to this court.

It is unnecessary to detail the facts in this case, as we are of opinion that there is no reversible error in this record and that the evidence is sufficient to uphold the verdict and judgment.

There is one assignment of error, however, which provokes comment from the court. The appellant Calloway offered several witnesses who testified that his general reputation as a law-abiding citizen in the community in which he lived was good, and the following instruction was requested by him: "The court instructs the jury for the defendant, John Calloway, that you should take into consideration, along with the other evidence, the reputa-

tion of the defendant as a law-abiding citizen in the community in which he resides, if such is proven, and if this testimony along with the other testimony in the case raises a reasonable probability that the defendant John Calloway is innocent then you should find him not guilty.'' On which the presiding judge made the following notation: ''Refused, because it picks out one certain phase of the evidence and asks the court to instruct on it alone.''

Section 591, Hemingway's Code 1927, section 793, Code 1906, prohibits a trial judge from summing up or commenting on the testimony, or from charging the jury on the weight of the evidence.

In Potera v. Brookhaven, 95 Miss. 774, 49 So. 617, this court held that instructions should not be argumentative, should not concern the weight of the evidence, nor give undue prominence thereto.

In the case of Coleman v. State, 59 Miss. 484, an instruction for the state was before the court in this language: ''Evidence of good character . . . 'is insufficient to raise a reasonable doubt when, excluding such evidence, the case is otherwise made out against the accused.' '' The court said this instruction was objectionable as being on the weight of the evidence, and Judge CALHOON further said therein: ''Evidence of the good character of the accused should go to the jury as any other fact, and its influence in the determination of the case should be left to the jury *without any intimation from the court of its value.* (Italics ours.) The court should not tell the jury that satisfactory evidence of the good character of the accused is or is not sufficient to raise a reasonable doubt of his guilt. The jury is to have this evidence as an aid to estimate the other evidence, and by the light of the whole to reach a verdict.'' This language was quoted with approval in the case of Maston v. State, 83 Miss. 647, 36 So. 70.

In Lewis v. State, 93 Miss. 697, 47 So. 467, the defendant was refused this instruction: ''The court instructs the jury that good character may in itself create a reasonable doubt, when otherwise no such doubt would exist; and if, in the judgment of the jury, the evidence of good character raises a reasonable doubt of defendant's guilt, they have a right to entertain such doubt, and the defendant should have the benefit of it.'' The court said this instruction should have been given if there had been such evidence, but that there was no evidence in the record on which to base it. The announcement in the Lewis case, supra, was expressly overruled in Anderson v. State, 97 Miss. 658, 53 So. 393, and the language quoted above from the Coleman case was approved. Also see Hammond v. State, 74 Miss. 214, 21 So. 149; Powers v. State, 74 Miss. 777, 21 So. 657. In the Hammond case, we note that the court had instructed the jury that the good character of the defendant was a fact that they should consider in connection with all the evidence in determining his guilt or innocence.

In all these cases the precise question was that good character was sufficient to raise a reasonable doubt. In the Lewis case, supra, Judge CALHOON said that instruction should be given in a proper case, that is, when the evidence established good character; subsequently Judge Mayes specifically overruled the case on that point in the Anderson case. But it may be said that the instruction here by the court under consideration did not tell the jury that good character raised a reasonable doubt of itself, but only told the jury to take good character along with the other evidence in the case, and if that raised a probability of his innocence, there was reasonable doubt of his guilt.

By its second instruction, the court told the jury that the defendant's guilt must be established beyond a reasonable doubt by the proof in the case. See Holliday v.

State, 108 Miss. 726, 67 So. 181.; Runnells v. State, 96 Miss. 92, 50 So. 499. On the reasonable doubt theory there was no necessity for the court repeating the instruction.

Our statute, section 591, Hemingway's Code 1927, section 793, Code of 1906, was designed to effect a purpose—to permit the jury untrammeled to settle the weight of the evidence without suggestion or intimation from the court. Each and every juror knows that the good character borne by an individual is of priceless value, and not to be lightly disregarded; and they also know that they have the unlimited right to consider and weigh all the evidence which they are permitted to receive in a given case. It is a dangerous practice under our system to ingraft innovations upon this statute. If permitted, then the court by this process of singling out bits of evidence, favorable or unfavorable, and stressing same in instructions, would only tend to confuse rather than aid the triers of the facts.

In this situation we cannot declare the lower court to be in error.

Affirmed.