## HARRIS *v.* STATE.

(Division A. March 16, 1936.)

[166 So. 392. No. 31946.]

(1)

2

W. M. Estes, of Enterprise, A. W. Covington, of De-Soto, and W. F. Latham, of Quitman, for appellant.

W. D. Conn, Jr., Assistant Attorney-General, for the state.

**Smith, C. J.,** delivered the opinion of the court.

This is an appeal from a conviction of murder followed by a life sentence in the penitentiary. The appellant's complaints are (1) that the evidence is insufficient to support the verdict, and (2) that the court below erred in the granting of one and the refusal of another instruction.

The evidence is in sharp conflict, but that for the state, by several witnesses, is that the appellant deliberately and without excuse therefor killed the deceased with a deadly weapon; that for the appellant is that he killed the deceased in necessary self-defense. The appellant's guilt vel non, therefore, was clearly for the determination of the jury, and its verdict is supported by the evidence.

The granted instruction complained of instructs the jury for the state "that malice is implied by law from the nature and character of the weapon used, and that the deliberate use of a deadly weapon in a difficulty, and not necessarily in self-defense, is in law, evidence of malice." All the facts and circumstances of the homicide were fully given in evidence; therefore this instruction should not have been given. Walker v. State, 146 Miss. 510, 112 So. 673; Smith v. State, 161 Miss. 430, 137 So. 96; Winchester v. State, 163 Miss. 462, 142 So. 454. The error committed in granting the instruction, however, was harmless. If the homicide was committed as the state's witnesses said it was, the crime thereby committed was undoubtedly murder. If it was committed as appellant's witnesses said it was, it was undoubtedly committed in self-defense. This was the only question the jury had to decide, and the law relative thereto was cor-

4

rectly stated in other instructions. Moreover, the instruction expressly charged the jury that malice could not be inferred from the use of a deadly weapon if the homicide was committed in self-defense.

The refused instruction charged the jury "that evidence of the good character of the defendant is competent to be taken into consideration by you in determining his guilt or innocence. The good character of the defendant, if satisfactorily established, may, of itself, create such a reasonable doubt in the mind of the jury as will justify a verdict of not guilty." No error was committed in refusing this instruction. Anderson v. State, 97 Miss. 658, 53 So. 393; Calloway v. State, 155 Miss. 706, 125 So. 109; Shelton v. State, 156 Miss. 612, 126 So. 390; Dewberry v. State, 168 Miss. 366, 151 So. 479.

Affirmed.