## WILLIAMS *v.* STATE.

(In Banc.   May 1, 1939.)

[188 So. 316.   No. 33585.]

W. F. Latham and A. W. Covington, both of Quitman, for appellant.

W. D. Conn, Jr., Assistant Attorney-General, for the State.

**Smith, C. J.**, delivered the opinion of the court.

This is an appeal from a death sentence for murder. The evidence is not in dispute, and discloses a malicious homicide, unless the appellant is insane within the legal definition thereof.

The appellant did not testify, and offered only evidence of good reputation for peace and violence, and of his mental capacity. This evidence discloses that he was engaged in farming, attended to his business affairs in the usual and ordinary way, and some conduct which the witnesses seemed to think evidenced an unbalanced mind. He complains of the exclusion of evidence and of the granting to the state and of the refusing to him of certain instructions. The evidence said to have been wrongfully excluded is as follows:

1. At times "he would act stranger than he would at other times." This evidence, while of little value, might well have been admitted but its exclusion, on this record, is not reversible error.

2. He had the reputation of being a "feeble-minded man," and was generally known as "crazy Grant." No error was committed in excluding this evidence for insanity is not provable by reputation therefor. 2 Wigmore, Ev., (2d), sec. 1621.

3. He did not act like a man with "good sense." The issue was not whether the appellant acted with "good sense" but whether or not he was in fact insane when the homicide was committed, as to which this evidence would have proven nothing.

4. "Well, I just figured Grant was crazy." The witness who gave this evidence had stated the conduct of the appellant on which this opinion was based, consequently, it should have been admitted. This error, however, was cured for immediately thereafter the witness was asked, "Well, how did he act?" To which he replied, "He acted crazy." While this evidence was also objected to, there was no ruling on the objection and it was not excluded.

No error appears in the two instructions granted the state. One of which is as follows: "The court charges the jury for the state that mere queerness or unusual conduct is not alone any defense to crime, unless the mind of the party committing the crime, if any, is so affected, at the time of the commission, thereof, that the power to distinguish between moral right and wrong is destroyed; and even if one be abnormal or queer, still, if he be able to appreciate the difference between moral right and wrong as to the particular act, if any, then the law holds him responsible for that act regardless of such above abnormality or queerness, if any."

The appellant was refused an instruction charging the jury "that evidence of good character may of itself create a reasonable doubt where otherwise no such doubt would exist," and committed no error in so doing. "Evidence of a defendant's good character should go to the jury like evidence of any other fact, and should be left to the jury without intimation from the court touching its value." Anderson v. State, 97 Miss. 658, 53 So. 393. This case has been several times approved by this court, as will appear from Harris v. State, 175 Miss. 1, 166 So. 392. He was also refused an instruction: "that if you believe from the evidence in this case that the acts of Grant Williams, in shooting the deceased, Annie Price, was caused by mental disease or unsoundness which dethroned his reason and judgment with respect to that act which destroyed his power rationally to comprehend the nature and consequence of that act, and which overpowering his will irresistibly forced him to its commission, then he is not legally answerable therefor." If we assume, as we will for the purpose of the argument only, that this was a correct instruction (in which connection see Eatman v. State, 169 Miss. 295, 153 So. 381; Smith v. State, 95 Miss. 786, 49 So. 945, 27 L. R. A. (N. S.), 461, Ann. Cas. 1912A. 23), no reversible error was committed in refusing it. Leaving out of view the state's instruction which fully covered the insanity issue, the court

charged the jury for the appellant as follows: "if, upon the whole evidence, the jury find that the defendant, at the time of committing the act, was not of sound mind, and was unconscious that he was committing a. crime, they should acquit him." A more liberal instruction than was probably required.

Affirmed.

Sentenced to be executed on Thursday, the 15th day of June, 1939.