LAMPKIN *v.* STATE.

June 9, 1952.

No. 38325 (59 So. (2d) 335)

Ward & Ward, for appellant.

Geo. H. Ethridge, Assistant Attorney General, for appellee.

Arrington, J.

Tom Lampkin was indicted for the murder of Solomon Yarbrough in the Circuit Court of Oktibbeha County, was tried and convicted of manslaughter, and sentenced to the penitentiary for a year and a half, and from this judgment and sentence, the appellant appeals.

It appears that the deceased and the appellant had an argument on Saturday prior to the killing on Monday morning, and that the deceased had threatened the life of appellant. There were two eyewitnesses to the killing, Jim Stewart and the appellant. Stewart testified on the part of the State that on Monday morning, he was riding in the truck with the deceased, who was driving; that they met the appellant walking along the highway; that the deceased said he wanted to see the appellant and stopped the truck; the deceased asked appellant if he wanted to see him; that the appellant replied that the deceased was supposed to give him some money then and told deceased that he had cussed him out in front of his house and he didn't do anything about it; that he started backing up, leveled his pistol and shot; that the deceased was unarmed, and raised his left arm as the shooting started. The appellant testified in his own behalf and stated that he shot the deceased in self-defense; that when the deceased stopped the truck, he said to him that "now I got you where I want you", and made a move, bending

down, and he backed away and shot him. A number of photographs were introduced in evidence which show that the appellant was about 18 feet from the deceased at the time he shot him, that the deceased was sitting in the truck with the door closed. The evidence as to the killing was conflicting and was for the determination of the jury.

The appellant assigns as error, first, that the court erred in refusing appellant a number of requested instructions; second, the court erred in excluding evidence on the part of the appellant. The appellant contends that it was error to refuse to instruct the jury on behalf of the appellant that they had a right to take into consideration the appellant's age and physical incapacities in comparison with the physical characteristics and abilities of the deceased. There was no error in refusing this instruction as there was no evidence of physical combat before the appellant shot the deceased. The evidence shows that the appellant was fifteen to eighteen feet from the deceased who was sitting in the truck with the door closed at the time of the shooting. Wright v. State, 162 Miss. 592, 139 So. 846.

The appellant next argues that the court erred in refusing the following instruction: "The Court instructs the jury for the defendant that good character, if proven, may raise a reasonable doubt, considered with all the other evidence in the case; and, if in the judgment of the jury, the evidence of the good character of the defendant raises a reasonable doubt as to defendant's guilt, then the jury has a right to entertain such doubt, and the defendant should be given the benefit of the same and found not guilty."

In Anderson v. State, 97 Miss. 658, 53 So. 393, the court held that the refusal of this instruction was proper, quoting from the case of Coleman v. State, 59 Miss. 484, as follows: " 'Evidence of the good character of the accused should go to the jury as any other fact, and its influence in the determination of a case should be left to the jury, without any intimation of the court of its

value. The court should not tell the jury that satisfactory evidence of the good character of the accused is or is not sufficient to raise a reasonable doubt of his guilt. The jury is to have the evidence as an aid to estimate the other evidence, and by the light of the whole to reach a verdict.' " See also Shelton v. State, 156 Miss. 612, 126 So. 390.

The appellant complains of the refusal of a number of other instructions. We have carefully examined these instructions and find that the principles involved were announced in other granted instructions. ██ ██ The appellant obtained thirteen instructions which presented every phase of his defense, and considering all the instructions together, the jury was furnished a correct guide as to the law applicable to the case. The court having given ample instructions to govern the case was not required to give other instructions. Dewberry v. State, 168 Miss. 366, 151 So. 479.

The next assignment argued is that the court erred in sustaining an objection on the part of the State to the testimony of Mr. Henry, who was offered by the defense to prove that the state's witness, Jim Stewart, had made a different and contradictory statement. The court sustained the objection on the ground that proper predicate had not been laid to impeach this witness. Mr. Henry's testimony is as follows.

"Q. Did he say whether or not anything else was said at the time? A. Yes, he said he drove up there and stopped and Solomon told Jim, said, 'Yonder is Tom, I want to see him', and when he stopped he told Tom, said, 'I am ready for you this morning', and said Solomon reached out to open the door and said he caught his hand and pulled it down and said he looked at Tom and he was backed up with his gun and said he jumped under the dash.

"Q. Did he say whether or not he saw him reach for anything? A. Well he said Solomon raised his hand and said he grabbed his hand and then he looked and saw the gun so he jumped under the dash

of the truck and stayed there until the shooting was over."

The exclusion of this evidence was error as we find that the witness Stewart had been apprised of the time, place, and persons present. Harrison v. State, 168 Miss. 699, 152 So. 494. In Magness v. State, 106 Miss. 195, 63 So. 352, 353, the court said: ▮▮ "It is true that, before such an admission of the witness can be introduced in evidence, he must be given an opportunity to admit or deny it. This witness was given such an opportunity, and while he did not deny making this statement, he would not admit it and the rule is that evidence of contradictory statements of the character here under consideration may be given in evidence unless the witness alleged to have made them expressly admits having done so."

▮▮ Although the exclusion of this evidence was error it was not reversible error as the appellant was not prejudiced thereby. Rule 11 of the Supreme Court provides that "no judgment shall be reversed on the ground of mis-direction to the jury, or the improper admission or exclusion of evidence, or for error as to the matter of pleading or procedure, unless it shall affirmatively appear, from the whole record, that such judgment has resulted in a miscarriage of justice."

The evidence in this case was ample to support a conviction for murder and we are of the opinion that no impartial jury, duly mindful of the obligations of their oath, could have found any other verdict than one of guilty. Comings v. State, 163 Miss. 442, 142 So. 19.

▮▮ The court sentenced the appellant to serve a term of a year and a half in the state penitentiary. Under Section 2233, Code of 1942, this was an improper sentence, and in accordance with this section, the case will have to be remanded for proper sentence.

Affirmed on the merits and remanded for proper sentence.

**Roberds, P. J.,** and **Hall, Lee** and **Ethridge, JJ.,** concur.