## GRANT NEAL *v.* STATE.

[57 South. 419.]

CRIMINAL LAW. *Character of accused. Particular acts.*

  While a witness introduced as to the character of accused for peace or violence can testify as to his general reputation on that subject, it is error to compel him to testify as to the details of a number of independent fights, etc., in which it was claimed that defendant had been engaged.

APPEAL from the circuit court of Yalobusha county. HON. N. A. TAYLOR, Judge.

Grant Neal was convicted of assault and battery with intent to kill and appeals.

The facts are sufficiently stated in the opinion of the court.

*Creekmore & Stone,* for appellant.

We commend the court to that greatest of all books of its kind, Wigmore on Evidence, sections 977 to 989, inclusive. Here it is shown, in a masterly discussion of character from conduct, and especially from particular acts, that the questions of the district attorney in the case at bar would not have been admitted in any jurisdiction in the country. The reasoning is so clear and forecful, and accords so perfectly with the feelings of common humanity and justice, that it seems that the courts would not be called upon to reiterate the docttrine that particular acts of moral delinquency could not be inquired about. Especially would this seem to be the case in a state like ours, where a plain statute limits the inquiry to "conviction of crime," and uses proof of his conviction merely, against his credibility as witness. Even after conviction had been inquired about in the case at bar, and shown by complete evidence,

these matters would have to have been preceded by a question to the appellant on cross-examination, followed by a denial of the conviction by the appellant. Our position on this question is especially upheld by the decision of Justice Calhoun in the recent case of *Dan Cook* v. *State,* in discussing section 1746 of the Code of 1892, of which section 1923 is an exact copy. We quote from Judge Calhoun's opinion, 38 So., p. 112: "That section simply permits witnesses to be interrogated as to whether they had been convicted of any offense—the purpose being, of course, to go to their credibility—and the statute allows their statement to be contradicted; but it is nowhere, provided by the law, even upon this matter of credibility, that testimony might be introduced as to the conviction of a witness unless the witness had first denied it."

In addition to the above we have a case in the Mississippi court which is exactly in point on this assignment of error, and covers the ground as thoroughly as it is possible. We refer to the case of *Kearney* v. *State,* 68 Miss. 223, 8 So. Rep. 292.

*Frank Johnston,* assistant attorney-general, for appellee.

Upon a review of the whole case on the testimony both for the state and the defense, I respectfully submit that the action of the court on these various points of evidence could not have effected the result of the trial reached by the jury. It may be fairly said that all of these objections are immaterial and the rulings of the court on them are non-prejudicial and, moreover, the rulings of the court on these questions of evidence are correct.

Argued orally by *W. I. Stone,* for appellant.

Argued orally by *Frank Johnston,* assistant attorney-general for appellee.

Whitfield, C.

We think the court erred in allowing several character witnesses to be examined with respect, not to the general reputation of the defendant, but minutely with respect to a number of independent transactions, fights, etc. Wigmore on Evidence, sections 977 to 989, inclusive; *Kearney* v. *State,* 68 Miss. 223, 8 South. 292.

There was considerable conflict in the testimony on the merits. The testimony with respect to character for peace or violence showed the defendant to be an exceptionally good negro in this regard, and the person assaulted to be the worst negro possible in this regard—a very dangerous negro. In this state of the record, we cannot say with confidence that no different result would have been reached if the very damaging illegal testimony pointed out had been excluded, as it should have been.

Per Curiam. ' The above opinion is adopted as the opinion of the court, and for the reasons therein indicated the case is reversed and the cause remanded.

*Reversed and remanded.*