STATE *v.* EDGAR MARTIN.

[59 South. 7.]

CRIMINAL LAW.   *Venue.  Right to reopen case.*

It was error not to allow the state in a criminal case to reopen the case and prove venue after both the state and the defendant had rested.

APPEAL from the circuit court of Simpson county.

HON. W. A. HENRY, Judge.

Edgar Martin was convicted of petty larceny and appeals.

The appellee was tried and convicted of petty larceny in the court of a justice of the peace in district No. 3, in Simpson county, and appealed to the circuit court, where the case was tried *de novo*. On the trial of the case in the circuit court, the state proved that the crime was committed in Simpson county, Mississippi, but did not prove that it was committed in district No. 3. The state then rested its case. Defendant introduced witnesses in his behalf and rested, and the state introduced no further testimony, but closed its case. Then it was discovered that the state had failed to show by the evidence that the crime was committed in justice of the peace district No. 3, and the state moved the court to reopen the case in order that the state might offer evidence to that effect. The court overruled the motion, making the following ruling: "The motion is overruled, because the state had introduced all of its testimony, and the defendant had introduced all of his testimony, and both sides had rested; because the court has not the right to exercise that kind of discretion." The court then granted a peremptory instruction for the defendant, and the state appeals to settle the point of law.

*Frank Johnston,* assistant attorney-general, for appellant.

I beg leave to suggest now, that it would be proper for this court, in view of what I may term the ambiguous decision of the trial court, to announce the correct rule of law in respect to the discretionary power of a trial judge in criminal cases with reference to this particular question.

For the convenience of this court, I will cite some of the many cases on the subject. On the general proposition that it is within the discretion of the trial judge to reopen the case and admit evidence, either for the prosecution, or for the defense, at any stage of the trial, before the jury has retired, I will cite the following: *Hoxey*

v. *State*, 114 Ga. 19; *State* v. *Baker*, 36 Mo. App. 58; *State* v. *King*, 84 N. C. 737; *Melton* v. *State*, 26 Tex. App. 527.

In support of the rule that the court may properly exercise that discretion, after the prosecution has closed its case, I will cite: *People* v. *Lewis*, 124 Cal. 551; *Brook* v. *People*, 23 Col. 375; *Kallenback* v. *State*, 119 Ind. 118; *Cooper* v. *State*, 103 Ga. 63; *Commonwealth* v. *Meneck*, 151 Mass. 55; *People* v. *Corner*, 154 N. Y. 355; *Flick* v. *Commonwealth*, 97 Va. 766.

The decisions have gone to the point that the case may be opened for proof after the closing arguments on both sides have been made: *Dave* v. *State*, 22 Ala. 23; *Wiggins* v. *State*, 80 Ga. 466; *Tucker* v. *People*, 122 Ill. 583; *State* v. *Burk*, 88 Iowa, 661.

There are a great number of cases on this point, which are unnecessary to cite to the court.

*D. C. Enochs,* ex-county prosecuting attorney, for appellant.

It is understood that a trial court's acts in matters within his discretion are not assignable as error except in cases of abuse. In the case at bar, however, from the court's own words, had he exercised his discretion, he would have re-opened the case. The trial judge therefore refused to do that which his best judgment dictated because he held he had no discretion. This, I contend, is such an act as may be assigned as error and reviewed by this court. This appeal, taken by the state, is not therefore an appeal from an act of the trial judge in the exercise of discretion, but an appeal from the trial judge refusing to do what he wanted to do, and what justice required, because he held he had no discretion.

It is well settled law in this state, that after both sides in a civil case have rested, that it is within the discretion of the trial court to reopen the case and permit a party to introduce further evidence. *Wood* v. *Gibbs*, 35 Miss. 559.

But the court below, in the case at bar, held that no such discretion was vested in the trial court under similar circumstances, in a criminal case, which was his reason for overruling the motion to reopen.

There is no case to be found by me in this state to the effect that the trial court has, or has not, discretion to reopen a criminal case after both sides have rested to permit further proof to be introduced.

In 12 Cyc., pages 559, 560, 561, I find the following, supported by citations of authorities in the footnotes, towit:

"d. Reopening Case to Hear Evidence.—(1) Discretion of Court. It is within the discretion of the trial court to reopen the case and admit evidence, either for the prosecution or for the defense at any stage of the trial before the jury has retired; and the court it seems may properly exercise this discretion after the prosecution has closed its case; after defendant has closed his case; after the close of the evidence and both sides have rested; during the argument of counsel; after the closing arguments on both sides have been made; or even after the case has been submitted to the jury and they have retired to consider their verdict. But it has been held that neither party should be allowed to introduce new or additional testimony after the evidence has been closed, after the argument has been made, after the judge has given his general charge to the jury, and when he is about to give a special charge requested by accused on a point which the prosecution had omitted to support by evidence, and for the introduction of which it seeks to reopen the case."

While there are cases which hold the case cannot be reopened to allow party to introduce new or additional evidence, they are in the minority, as will be shown by an examination of the footnotes to the above text. I cannot see why the law in this state should be different in criminal cases from what it is in civil cases, in the mat-

ter of allowing the court discretion to reopen for further testimony.

*W. M. Lofton,* for appellee.

Under the facts in this case, we do not think that the trial judge had any discretion in the matter, and that the course pursued by him was the only one that the law and practice of this state approve and sanction; and we cannot subscribe to the doctrine laid down by counsel for appellant, in his brief, that the law is well settled in this state that after both parties have rested in a civil case; that it is within the discretion of the court to re-open the case and permit a party to introduce further evidence, and we deny that the case of *Wood* v. *Gibbs,* 35 Miss. 559, cited by him upholds any such procedure. In that case the plaintiff had introduced his testimony and rested, and the defendant had rested, the plaintiff proceeded with his testimony in rebuttal, and offered to read as rebuttal testimony in the deposition of a witness for the plaintiff by the name of Brown. "This deposition was taken on the part of the plaintiff; and, in presenting his evidence, he read the examination in chief of this witness, but did not read the cross-examination. After the defendant had closed the evidence on his part, the plaintiff then offered to read the cross-examination; but, upon objection by the defendant, he was not permitted to read it.

The plaintiff had the right to read this evidence if he thought fit in opening his case; but, if he declined to do so, it was matter within the discretion of the court whether he should make use of it after the case was closed on the part of the defendant. The purpose for which it is stated to have been offered was to show an excuse for the failure of the plaintiff to present the bill for acceptance to the drawee in due season. But if that was material in the case, it should have been shown in the first instance, and it was not evidence of a rebutting

nature. The language used in the foregoing quotation marks will be found, beginning with the last two paragraphs on page 575, and ending on page 576 of *Wood* v. *Gibbs,* supra. There was no motion in that case to reopen, but this evidence was offered by the plaintiff before he had rested in rebuttal, but the court held that he should have introduced it in opening his case, and that the court might refuse to permit its introduction afterwards. We would further call attention to the fact, that while it is stated in this case that it was within the discretion of the court as to whether the plaintiff could use this evidence after the defendant had closed, that that part is purely dictum. In the case of *Winterton* v. *I. C. R. R. Co.,* the plaintiff had sued for damages for an injury sustained while crossing the tracks of the railroad company, and after he had introduced his evidence and rested his case, and after the defendant's testimony was all in, the court asked the plaintiff's counsel if he had any further testimony to offer, and the counsel replied that he wished to introduce the plaintiff to show why he attempted to cross the railroad at the time and place he did, and in rebuttal of the evidence tending to show contributory negligence. The court held that the plaintiff should have been introduced in the first instance to show this, and that, at that time, the plaintiff would not be permitted to testify as to any facts not strictly in rebuttal of new matter brought out by the defendant. From a verdict and judgment for the defendant, upon a peremptory instruction by the trial court, an appeal was taken to this court, which affirmed the judgment of lower court, and complimented the trial judge for having acted ''prudently and wisely'' in his ruling in this case. *Winteton* v. *I. C. R. R. Co.,* 73 Miss. 831. It will be borne in mind that this court has thus held, while the plaintiff had a right to introduce evidence in rebuttal, and before the plaintiff had rested in rebuttal, and before the case was closed in each instance, and both civil cases, and before

it was necessary to make a motion to reopen as the cases were not closed. So, *a fortiori*, could the objection be urged against a motion to reopen the case for the introduction of evidence, which should have been offered at the opening of the trial. We, therefor submit that the law is not settled in civil cases, that after both sides have rested that the trial court, in its discretion may reopen the case and permit a party to offer more evidence, but it appears to be well settled to the contrary. But suppose it was, as counsel for appellant has contended in his brief, and he says further, that he sees no reason why a different rule should prevail in a criminal case. Then without unnecessarily prolonging this brief, we desire to give one reason for this and that is that there is no such thing in Mississippi as a liberal construction of the criminal statutes of the state, but that all criminal laws must be strictly construed, and every reasonable doubt resolved in favor of the defendant. In the case of *King* v. *State,* 74 Miss. 576, this court held as follows: "The rule is familiar that witnesses in rebuttal should be confined to matters in rebuttal, and not allowed to repeat what they said on the examination in chief; and the rule is wise and proper, and promotive of fair trials." "The courts should ever remember that they were not organized for the purpose of convicting prisoners, but for the purpose of seeing that trials are fair and impartial." So, after the defendant had rested, there was no evidence admissible on behalf of the state except that in rebuttal, and that had been introduced, and the state had again rested. To have permitted the state at that stage of the case to have reopened it, and offered evidence not admissible in rebuttal, would have been tantamount to giving the state a second trial of the case, and if the court had a right to reopen the case one time, why not give it a right to reopen it a dozen or a hundred times; and if the court had a right to reopen the case for the purpose of proving venue, why not give it a right to reopen to prove any other necessary element of the

crime. This court has said that, "The venue is a part of the crime." *Moore* v. *State,* 55 Miss. 432. See the third last line on bottom of page 433, supra.

We would further invite the attention of the court to the case of *Reddick* v. *State,* 72 Miss. 1008. There the counsel for the state rested its case without introducing its chief witness, and then under the pretense of offering rebuttal testimony introduced its principal witness, not to rebut, but to make out its case for the first time. This court said that course "was so unprecedented, so irregular, and so unfair as to merit unqualified condemnation. If the state's counsel undertakes to experiment with the court or with the prisoner by refusing to introduce its material evidence before resting, and the experiment shall prove disappointing, the counsel should be held to the line of experimentation he has chosen." In the case of *Thompson* v. *State;* 51 Miss. 353, this court held that venue must be proved as laid in the affidavit or indictment, or a conviction cannot be ascertained. In that case, Thompson was convicted and this objection came in the form of a motion in arrest of judgment, which motion was overruled, and on appeal to this court, the judgment of the lower court was reversed, and the defendant discharged. So, "The venue is a part of the crime," and evidence of venue is material, but can only be introduced by the state before resting its case in chief.

Under paragraph "d," Venue, article II of 12 Cyc. 494, I find the following:

"Failure to Prove. If, however, the prosecution offers no proof of venue, or offers evidence of the venue which is clearly insufficient, it is the duty of the court to instruct the jury that the venue has not been proved and to direct an acquittal." That is exactly what was done by the learned judge in the trial of the instant case, and we submit that his ruling in this respect was eminently correct and should be affirmed.

In the brief of counsel for appellant, he cites *State* v. *Paul,* 39 La. Ann. 327, on the subject of reopening a

case for the purpose of permitting the state to prove the time of the commission of the alleged offense. The trial court permitted this to be done, and on appeal to the supreme court of that state, it was held that the accused had not had a fair and impartial trial, and the case was reversed. We quote from that case the following: "One of the latest expressions emanating from this court is to the effect that 'the rules of practice have wisely provided that, when the evidence has been closed, the examination of witnesses is at an end. A different rule would have protracted trials beyond reason, and would have resulted in a denial of justice.' " In that case the argument of counsel to the jury had been made, while in the instant case it had not, but we submit that the doctrine announced in that case is applicable, because it quotes from another Louisiana case where the evidence had been closed, and the court in that case said that the examination of witnesses was at an end. *State* v. *Chandler,* 36 La. Ann. 177. While it seems that this doctrine was not upheld in the case of the *State* v. *Murphy,* 9 Nev. 394, we submit that the latter decision is unsound.

The ruling of the trial judge in the instant case, so far as our investigation has extended, is supported by the overwhelming weight of authorities, sounder reasons, and the public policy of this state to give every accused the benefit of a speedy trial by a fair and impartial jury. If a different practice was established, when could it be said that the trial of a case was at an end?

WHITFIELD, C.

It was manifest error on the part of the court below not to allow the state to reopen the case and prove the venue.

PER CURIAM. The above opinion is adopted as the opinion of the court, and the action of the court below is hereby declared erroneous.

*Case reopened.*