PEOPLE OF PORTO RICO, Petitioner, *v.* DISTRICT COURT OF ARECIBO, Respondent.

No. 707. Argued April 2, 1930.—Decided April 25, 1930.

R. A. *Gómez, Fiscal of the Supreme Court,* and B. *Guerra Mondragón, Acting Prosecuting Attorney for the District of Arecibo,* for petitioner.

Mr. Justice Wolf delivered the opinion of the court.

While this application is made in a criminal case the general principles of certiorari are applicable to it. The court below, after the case of the government was closed, did not grant the motion of the prosecuting attorney to reopen the case to admit evidence tending to show that the facts complained of took place within the jurisdiction of the court. This was at most an abuse of discretion, but no error of procedure. The writ of certiorari does not lie. The *Fiscal* cites copious jurisprudence on the matter of discretion, but little or nothing to show authority for the issuance of the extraordinary remedy. It makes no practical difference whether the defendants submitted the case without evidence before or after the motion of the government.

If we entered the field of discretion, we question whether such a case was presented as would warrant us in reversing the action of the court. The very jurisprudence, frankly

spread before us by the government, tends to show that a reviewing tribunal will rarely interfere with the discretion of the trial court in refusing to reopen a trial. Most of the cases tend to show that a discretion to reopen a case will be supported when the facts justify it. For example, *People* v. *Wong Hing,* 151 Pac. 1159, 1161. In the instant case we have nothing before us but the bare fact that the court on motion refused to reopen the case. As the court admittedly had a discretion, some reason additional to inadvertence should have been presented to both courts. Perhaps in a proper case, not a certiorari, something like a probability of conviction should be presented. In a certiorari the record speaks for itself. In *People* v. *Canales,* 34 P.R.R. 378, and *People* v. *Martínez,* 35 P.R.R. 48, cited by the court below, we reversed judgments and discharged the prisoners because of failure to prove the venue. In the former case we commented severely on the failure of the officers of the government to prove such an essential element. The court below, among other reasons, may have thought that there was little occasion for the government not to be prepared on so important a matter.

In the case of *State* v. *Martin,* (Miss.) 59 So. 7, 8, the court did reverse for failure to reopen a case and permit the proof of venue. While, so far, the policy of Porto Rico is distinct, yet it is to be noticed that that case arrived in the appellate court by way of an appeal. In Porto Rico from a judgment of acquittal there is no appeal. Whether there was an appeal or not the writ of certiorari can not serve the purpose of an appeal. The action of the court, if reviewable at all, should have been so by appeal.

The petitioner says that the form of the judgment in this case was erroneous or even entered without jurisdiction. After considering the facts and the law the court declared itself without jurisdiction and ordered the case filed away. Perhaps it would have been better if the judgment had

ordered the acquittal of the defendants for failure of the government to prove jurisdiction, but the action of the court, we hold, was the equivalent of this. In the ultimate analysis the situation would only involve a correction of the judgment which could not aid the government in reopening the trial.

There is a further and fundamental reason why this certiorari should not be granted. The action of the court was in effect or directly an acquittal. There is no way then under our system of laws to subject the defendants to another trial for this offense.

The writ will be denied.