RIDGEWAY *v.* STATE

No. 42449 January 14, 1963 148 So. 2d 513

*Edward J. Currie, Sr. & Jr.,* Hattiesburg, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

GILLESPIE, J.

William D. Ridgeway was indicted, tried and convicted of an assault and battery with intent to kill and murder one Isaac Gardner. The appellant is the pastor of the True Light Baptist Church in Hattiesburg, and Isaac Gardner is one of the deacons. Shortly before January 26, 1962, the date of the alleged crime, Isaac Gardner had been relieved of his duties as treasurer of the church.

On the night of January 26, 1962, there was a meeting at the church attended by appellant, Gardner, and oth-

ers. After the meeting Gardner got in appellant's automobile and was driven to Gardner's home. While these two parties were sitting in the automobile in front of Gardner's home, they began fighting. There is sharp conflict between the versions of appellant and Gardner. According to the State's contention, as testified to by Gardner, the appellant was the agressor, and stabbed Gardner after Gardner had left the automobile and reached the fence of his yard, and stabbed him again inside the yard. According to Gardner, the knife used in the stabbing belonged to appellant.

Appellant testified that Gardner was angry about being relieved of his duties as treasurer and began hitting the preacher with a knife with the blades closed; that the preacher fought back and defended himself; that he finally wrested the knife from Gardner and stabbed Gardner to keep Gardner from doing him serious bodily harm; and that Gardner was severely beating him when appellant got the knife open and stabbed Gardner.

The version of Gardner was uncorroborated, while four witnesses corroborated the appellant to some extent as to what occurred in front of Gardner's house. We deem it unnecessary to make further comment on the facts because the case must be reversed on other grounds.

Appellant assigns as error the refusal of the lower court to admit evidence of appellant's general reputation for peace and violence in the community in which he lived. Appellant offered a character witness, who testified that he had known appellant since 1920, and gave the occupation of the witness and his activities during that time. The court then sustained objections to a series of about ten questions asked the witness by appellant's counsel. While none of these questions, considered alone, was in proper form, all necessary ingredients were contained in the several questions con-

sidered together. In the absence of the jury, appellant's counsel then stated that he had other witnesses that he desired to offer but in view of the court's ruling he assumed their testimony would not be admitted. He gave the names and addresses of a long list of witnesses. The court then stated to counsel that he could not anticipate the questions of defense counsel and that the rulings of the court in sustaining objections to the questions propounded to the witness were because the questions were not in proper form. The judge then ordered the jury back in.

 In view of the number of cases this Court has decided holding that it is error to exclude the testimony offered to show the good character of a defendant, the trial court should have told counsel why he was sustaining the objection. Counsel had included in his various questions everything necessary to be asked a character witness. If the trial judge had advised counsel for appellant the reasons why he was sustaining the objections, this error would not have arisen. Counsel was entitled to know why the court was sustaining the objections. We hold that it was reversible error to exclude the testimony of appellant's character witnesses under these circumstances. Powers v. State, 74 Miss. 777, 21 So. 657; Lewis v. State, 93 Miss. 697, 47 So. 467; Neal v. State, 101 Miss. 122, 57 So. 419; State v. Martin, 102 Miss. 165, 59 So. 7; Rosser v. State, 230 Miss. 573, 93 So. 2d 470.

 Appellant assigns as error the refusal of the court to require of the State's witness, Gardner, to answer questions why he was removed as treasurer of the church. In this connection, both Gardner and appellant stated that the fight arose out of a discussion of Gardner's removal as treasurer of the church. While Gardner was on cross-examination, the court declined to allow appellant's counsel to cross-examine Gardner as to the reason why he was removed as treasurer of

the church. The court excluded the jury and stated to counsel that he could make his record, but in the absence of the jury declined to permit cross-examination of Gardner as to whether or not he was short $679.99 while he was treasurer. Counsel for appellant stated into the record that he was prepared to prove that the witness stole $679.99 from the True Light Baptist Church. We are of the opinion that the court erred in restricting the cross-examination of the witness Gardner. Gardner did not claim for himself the constitutional protection against self-incrimination but the District Attorney objected and the court declined to allow him to answer. In our opinion, the question whether Gardner was short in his accounts was vital testimony tending to show who was the aggressor in the fight with appellant and until the witness claimed the protection of the Fifth Amendment to the Constitution of the United States in the jury's presence, the testimony should not have been restricted.

■■ The court, on objection by the State, refused to admit testimony tendered by the appellant that on the night of the fight and a short time before it occurred, Gardner expressed ill will toward appellant because of being let out as treasurer, the very thing they were fighting about. This was vital evidence on the issue of self-defense and could have convinced the jury that Gardner was the aggressor. The testimony was admissible.

■■ When Isaac Gardner was on the stand he testified on cross-examination that he signed a certain statement with appellant which stated that they had agreed in the presence of a church committee that their differences were "dissolved" and that there was no need for action by a court of law. The statement was also signed by three deacons. While Gardner was on re-direct examination the District Attorney referred to the crime of compounding a felony, and Gardner testified that

appellant had agreed to pay $150.00 on Gardner's hospital bill. The testimony concerning the agreement to pay Gardner $150.00, and the statement of the district attorney indicated to the jury that appellant was guilty of the crime of compounding a felony. Thereafter appellant tendered the testimony of members of the church committee that they brought appellant and Gardner together to reconcile their differences, and that their efforts resulted in the signing of the statement testified about by Gardner. Testimony was also tendered that the promise on the part of appellant to pay part of Gardner's hospital bill was made after the statement was signed with the church committee. We are of the opinion that since the state insinuated appellant was guilty of compounding a felony, it was error not to admit evidence of the facts surrounding the signing of the statement and the promise of appellant to pay part of Gardner's hospital bill.

Reversed and remanded.

*McGehee, C. J., and Kyle, Ethridge and Rodgers, JJ.,* concur.