## FLEGG *v.* STATE.

(Division B. June 2, 1947. Suggestion of Error Overruled September 22, 1947.)

[30 So. (2d) 615. No. 36527.]

**J. Robertshaw**, of Greenville, for appellant.

**Greek L. Rice**, Attorney General, by **George H. Eth-ridge**, Assistant Attorney General, for appellee.

**L. A. Smith, Sr., J.,** delivered the opinion of the court.

Eddie Flegg was jointly indicted with another for the armed robbery of Howard Bracey. Section 2367, Code 1942. A severance was granted appellant, who was thereupon convicted by a jury of the Circuit Court of Washington County, which, however, failed to fix the penalty. The presiding judge sentenced appellant to imprisonment for life in the State Penitentiary.

A third alleged participant in the robbery had died between its perpetration and the date of the trial.

It is not necessary for us to set out the facts of the case any further than necessitated by the following specific points thereon raised by appellant here. The first alleged error argued is that, in spite of its condemnation by Anderson et al. v. State, 171 Miss. 41, 156 So. 645, the court below admitted evidence of identification of appellant by the victim as one of three participants in the robbery, which had been made by him prior to the trial. This took place at the jail. Bracey also identified appellant Flegg at the trial, as the one who held a pistol on him, while another of the trio had him by an arm, and the third member did the actual robbing. The rule in the Anderson case, supra, is not available to appellant in the case at bar for the reason that evidence of the earlier identification of appellant out of court was admitted without objection.

This is demonstrated by these pertinent questions to, and answers by, the victim, while on the witness stand:

"Q. Where did you next see him after that night? A. In the jail.

"Q. For what purpose did you go to the jail? A. They delivered a call for me to come up there.

"Q. Were you confronted with this defendant? A. Yes, sir.

"Q. Did you identify him as being the person who held that pistol on you? A. Yes, sir.

"Q. Do you now identify him as being the same person who put that pistol on you? A. Yes, sir."

Likewise, appellant failed to interpose any objection to the State's evidence that also before the trial certain other negroes were exhibited by the officers to Bracey, as suspects but whom he refused to identify as the guilty parties. So, he cannot successfully complain of such assigned error on appeal, if error it be. Nor, as stated, can we sustain his assignment of error grounded on the identification of the appellant at the jail, for the reason already set out above.

The appellant introduced proof of his good general reputation for peace or violence in his community, and, based thereon, asked an instruction containing the following fatally erroneous clause: "and when it is shown to your satisfaction that the defendant was of good general reputation in the community in which he lived for peace or violence, that kind of testimony, if properly made out to you, is positive and substantial evidence, and may, by itself, be of such a degree as to arouse a reasonable doubt in your minds, and justify an acquittal." The vice of this instruction is that it is on the weight of the evidence, and hence, was properly refused. Wesley v. State, 37 Miss. 327, 75 Am. Dec. 62; Calloway et al. v. State, 155 Miss. 706, 125 So. 109; Harris v. State, 175 Miss. 1, 166 So. 392.

Finally, we come to the last assignment of error which we deem to be of enough importance to merit decision. We are urged to review the appropriateness of the life sentence imposed in this case since "the trial court failed to exercise the discretion vested in him by the Legislature." The statute provides that "in cases where the jury fails to fix the penalty at death, the court shall fix the penalty at imprisonment in the penitentiary for any term not less than three years." Here, it was life imprisonment, imposed by the court, since, as stated,

the jury failed to fix the penalty at death. Appellant argues that "in the light of the facts of this case, it is manifest that no discretion could have been exercised and result in the sentence." Here, the court was called upon to determine the length of the imprisonment of the convicted defendant, requiring the application of experience, wisdom and judgment to the problem. The act of determination thereof was an exercise of discretion. It involved a conclusion deliberately reached; from all of the circumstances and elements properly required to be considered by the court. In Harris v. State, 142 Miss. 342, 107 So. 372, we held that a sentence of ten years in the penitentiary, imposed on conviction of assault with intent to kill and murder, being authorized by statute, it within the trial court's discretion and not reviewable. Here, the statute involved very carefully fixed the minimum imprisonment at not less than three years in the penitentiary, which authorized the trial court to impose a sentence of life imprisonment, in his discretion. It is, therefore, not reviewable by us, on the assignment of error relating thereto, which we overrule.

The judgment of the trial court is affirmed.

Affirmed.