626 So.2d 103 (1993)
Victor Lewis KENNEDY a/k/a Victor Louis Kennedy
v.
STATE of Mississippi.
No. 91-KP-0712.
Supreme Court of Mississippi.
October 21, 1993.
*104 Victor Lewis Kennedy, pro se.
Michael C. Moore, Atty. Gen., Pat S. Flynn, Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, C.J., and PITTMAN and BANKS, JJ.
HAWKINS, Chief Justice, for the court:
This appeal comes to this Court from the Lamar County Circuit Court's denial of Victor Kennedy's motion for post-conviction relief. Kennedy's motion was denied as being barred by time and res judicata and/or collateral estoppel. We find that the trial court's judgment should be affirmed in part, reversed and remanded in part, and reversed and rendered in part.

FACTS
Victor Kennedy was charged with the October 27, 1977, capital murder of Danny M. Dickerson in Cause No. 5511 in Lamar County Circuit Court. Kennedy was also indicted in Cause No. 5514 for the armed robbery of Dickerson.
Kennedy entered guilty pleas to the charges of armed robbery and murder (reduced from the original capital murder charge) on July 17, 1978. Kennedy was in turn sentenced to a term of ninety-nine (99) years for the armed robbery charge, and life for the murder charge, with the sentences to run consecutively.
On September 13, 1978, Kennedy filed in the circuit court a Petition for Writ of Error Coram Nobis in Cause No. 5511. The petition alleged that Kennedy had been coerced and tricked into pleading guilty. The circuit court denied the petition for failure to meet the requirements of then Miss.Sup.Ct.R. 38. Kennedy did not appeal from the denial of the petition.
Kennedy filed a Petition for Writ of Habeas Corpus in the circuit court on June 13, 1980, alleging ineffective assistance of counsel and that neither of his guilty pleas were entered knowingly and voluntarily. The State filed a demurrer to Kennedy's petition, and the circuit court sustained the demurrer, finding that Kennedy's petition failed to state a cause of action. Kennedy failed to appeal from the circuit court's decision.
On January 3, 1983, Kennedy filed a second Petition for Writ of Error Coram Nobis in Cause No. 5511. Kennedy contended that armed robbery was a lesser included offense of murder, and that he could not as a result be sentenced for both crimes which arose out of a single occurrence. He repeated the argument that his guilty pleas were not knowingly and voluntarily entered. The State filed a demurrer, which was granted by the circuit court. Once again, Kennedy failed to appeal from the denial of his petition.
On July 19, 1983, Kennedy filed a Petition to Clarify Sentences in Cause Nos. 5511 and 5514, alleging that it was unclear as to whether his sentences were to run consecutively or concurrently. The State moved to dismiss, and the circuit court granted this motion on August 12, 1983, stating that "neither the plea of guilty nor the sentence nor the order of conviction contains any ambiguity, and therefore, there is no reason for the Court to attempt to clarify the sentences." Kennedy did perfect his appeal from the circuit court's dismissal to this Court; however, the appeal was dismissed by this Court *105 for lack of prosecution pursuant to then Supreme Court Rule 7.
On January 28, 1985, Kennedy filed a motion to vacate his judgment of conviction in Cause No. 5511 pursuant to the Mississippi Uniform Post-Conviction Collateral Relief Act. Kennedy alleged that his guilty plea was involuntary and was the result of ineffective assistance of counsel. The trial court overruled Kennedy's motion, finding that it was barred by res judicata and/or collateral estoppel. Kennedy failed to appeal from this decision.
Kennedy filed his most recent motion for post-conviction relief, a Motion for Proper Sentence, in June, 1991. He alleged that the imposition of life and ninety-nine year sentences, absent jury recommendations, amounted to cruel and unusual punishment. The circuit court overruled Kennedy's motion by order dated July 1, 1991, finding that Kennedy's motion was barred by res judicata and/or collateral estoppel and the applicable statute of limitations. Additionally, the circuit court assessed costs of $150.00 against Kennedy for "continuously and redundantly" filing requests for post-conviction relief.

LAW
I. THE TRIAL COURT ERRED IN RULING THE MOTION WAS BARRED BY RES JUDICATA AND/OR COLLATERAL ESTOPPEL.
II. THE TRIAL COURT ERRED IN RULING THE MOTION WAS BARRED BY THE STATUTE OF LIMITATIONS.
III. THE TRIAL COURT ERRED IN ASSESSING COSTS OF $150.00.
Victor Kennedy argues that the trial court was without authority to sentence him to ninety-nine (99) years in prison pursuant to his guilty plea in the armed robbery charge. Kennedy was sentenced under Miss. Code Ann. § 97-3-79 (Supp. 1992), which exists in the same form today as in 1978, and provides:
Every person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon shall be guilty of robbery and, upon conviction, shall be imprisoned for life in the state penitentiary if the penalty is so fixed by the jury; and in cases where the jury fails to fix the penalty at imprisonment for life in the state penitentiary the court shall fix the penalty at imprisonment in the state penitentiary for any term not less than three (3) years.
Kennedy relies on Stewart v. State, 372 So.2d 257 (Miss. 1979). Stewart was convicted of armed robbery pursuant to Miss. Code Ann. § 97-3-79 (Supp. 1978). The jury failed to fix his penalty at life imprisonment, and the trial court subsequently sentenced Stewart to seventy-five years in prison. This Court found that a seventy-five year sentence was in effect a life sentence, and that such a sentence was outside the trial court's authority under § 97-3-79. This Court reversed Stewart's sentence and remanded "for sentencing for a definite term reasonably expected to be less than life." Stewart, 372 So.2d at 259.
Victor Kennedy's sentence of ninety-nine years exceeds that found unacceptable by this Court in Stewart v. State. The trial court found, and the State argues on appeal, that Kennedy's claim is barred pursuant to the time and res judicata limitations found in the Mississippi Uniform Post-Conviction Collateral Relief Act. See Miss. Code Ann. §§ 99-39-5(2), § 99-39-21(3) (Supp. 1992). This Court has repeatedly held that such a claim may be exempt from such procedural bars where it is clear from the record that the circuit court has exceeded its statutory authority in sentencing and fundamental constitutional rights may be involved. Luckett v. State, 582 So.2d 428 (Miss. 1991); Grubb v. State, 584 So.2d 786 (Miss. 1991). We find that portion of the circuit court's order which pertains to Victor Kennedy's armed robbery conviction is reversed, and the matter remanded to the circuit court for re-sentencing under the guidelines of Stewart. Because Kennedy's Motion for Proper Sentence was partially meritorious, that portion of the trial *106 court's order assessing costs against Kennedy is reversed and rendered.
AFFIRMED AS TO LOWER COURT'S DENIAL OF RELIEF ON LIFE SENTENCE FOR MURDER; REVERSED AND REMANDED AS TO LOWER COURT'S DENIAL OF RELIEF OF 99-YEAR SENTENCE FOR ARMED ROBBERY; REVERSED AND RENDERED AS TO THE LOWER COURT'S ORDER ASSESSING COSTS AGAINST KENNEDY.
DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, PITTMAN, BANKS, McRAE, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.