# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 97-CA-00556-SCT

*JOEY L. HOLLOMAN*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 04/11/97 |
| TRIAL JUDGE: | HON. LARRY EUGENE ROBERTS |
| COURT FROM WHICH APPEALED: | LAUDERDALE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JO ANNE M. McLEOD |
| DISTRICT ATTORNEY: | E.J. MITCHELL |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 12/18/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 2/12/98 |

**BEFORE SULLIVAN, P.J., SMITH AND MILLS, JJ.**

**MILLS, JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

This appeal comes from the Circuit Court of Lauderdale County, which on April 11, 1997, denied Joey Holloman's petition for post-conviction collateral relief. Aggrieved, Holloman filed this appeal. Although Holloman assigned a number of issues for relief, we will address only the decisive issue.

## ISSUE

**I. WHETHER HOLLOMAN WAS PROCEDURALLY TIME-BARRED FROM EXECUTING THIS APPEAL.**

## FACTS

On November 9, 1991, Joey Holloman was convicted as an habitual offender for manslaughter by culpable negligence and DUI maiming which was affirmed by us on direct appeal. Holloman sought post-conviction collateral relief in the trial court on March 24, 1997. The post-conviction motion challenged the three guilty pleas used to enhance his sentence in the 1991 conviction. These three guilty pleas were entered on April 26, 1988. The trial court ruled that Holloman was procedurally time-barred pursuant to Miss. Code Ann. § 99-39-5(2).

## DISCUSSION

A motion for relief under the Post-Conviction Collateral Relief Act must be filed within three years of a conviction under a plea agreement. Miss. Code Ann. § 99-39-5(2) (1994). The trial court found that over nine years have passed since the April, 1988 guilty pleas were entered as final judgements. We give findings of fact from the trial court great deference. *Davis v. State*, 551 So.2d 165, 171 (Miss.1989).

We have repeatedly held that the three year procedural bar may be overcome when it is clear from the record that the circuit court has exceeded its statutory authority in sentencing. *Kennedy v. State*, 626 So.2d 103, 105 (Miss.1993). In the case *sub judice*, Holloman was convicted as an habitual offender. His claims, however, address only the sentencing limits of the underlying offenses used to enhance his sentence. These sentencing limitations are irrelevant. His sentence was enhanced pursuant to the Habitual Offender Law itself. Holloman alleges no error regarding the application of this law. Therefore, his claim is procedurally barred.

## CONCLUSION

There is no evidence in the record to indicate that the lower court committed any error whatsoever. Accordingly, we affirm.

**LOWER COURT'S DENIAL OF POST CONVICTION RELIEF AFFIRMED.**

**PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, McRAE, ROBERTS AND SMITH, JJ., CONCUR. LEE, C.J., CONCURS IN RESULT ONLY.**