## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 98-CP-00338-SCT

*VICTOR KENNEDY a/k/a VICTOR LEWIS*
*KENNEDY a/k/a VICTOR LOUIS KENNEDY*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/11/98 |
| TRIAL JUDGE: | HON. R. I. PRICHARD, III |
| COURT FROM WHICH APPEALED: | LAMAR COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY:  DEIRDRE McCRORY |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 1/28/99 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 4/12/99 |

**BEFORE SULLIVAN, P.J., BANKS AND ROBERTS, JJ.**

**BANKS, JUSTICE, FOR THE COURT:**

¶1. Kennedy challenges the authority of the trial court to sentence him to life imprisonment for murder pursuant to Miss. Code Ann. § 97-3-21. We conclude that Kennedy's sentence was not illegal and accordingly affirm the judgment of the circuit court.

### I.

¶2. On July 17, 1978, Victor Kennedy pled guilty to murder and armed robbery. The trial judge subsequently sentenced Kennedy to a term of life imprisonment for murder and ninety-nine years for armed robbery in the Mississippi Department of Corrections. Kennedy thereafter filed numerous petitions for Post-Conviction Collateral Relief in the Circuit Court of Lamar County. After his June, 1991 motion for post-conviction relief, Motion for Proper Sentence, was overruled on the basis of being barred by time and res judicata, Kennedy appealed to this Court. On October 21, 1993, this Court affirmed the trial court's denial of relief on the life sentence for the murder charge, and reversed and remanded the imposition of the ninety-nine year sentence for armed robbery for re-sentencing. *See Kennedy v. State*, 626 So. 2d 103 (Miss. 1993).

¶3. Kennedy's previous petitions included a Petition for Writ of Error in the murder conviction, denied September 19,1978; Petition for Writ of Habeas Corpus, denied July 2, 1980; and Petition for Writ of Error, denied January 3, 1983. On July 19, 1983, Kennedy filed a Petition to Clarify Sentences in both convictions, which was dismissed on August 12, 1983. Kennedy appealed the dismissal of that order to this Court, where it was dismissed for lack of prosecution. *See **Kennedy v. State***, 626 So. 2d at 104-05. On January 28, 1985, he filed a Motion to Vacate Judgment on the murder conviction, which the trial court overruled finding it was barred by res judicata. Kennedy did not appeal that decision to this Court.

¶4. Kennedy recently filed another petition for post conviction relief in the murder conviction, a Motion to Vacate Judgment of Conviction, in February, 1998. The trial court overruled his motion as barred by time and res judicata. The trial court also assessed costs of $250 to Kennedy for filing a frivolous motion. Aggrieved, Kennedy appeals to this Court.

## II.

¶5. Kennedy asserts error of the trial court in dismissing his motion for post conviction relief as time barred and barred by res judicata.

¶6. This case was before the Court previously contesting the trial court's denial of Kennedy's post-conviction relief motion, Motion for Proper Sentence, in which Kennedy challenged the imposition of life imprisonment for murder and for armed robbery, alleging that the sentences amounted to cruel and unusual punishment absent jury recommendations. This Court in **Kennedy I** affirmed Kennedy's life term for murder, while it reversed the life sentence for armed robbery as outside the statutory authority of the circuit court and remanded the case for re-sentencing.

¶7. Kennedy now argues to this Court that imposition of the life sentence for murder pursuant to Miss. Code Ann. § 97-3-21 as it existed at the time of his 1978 conviction exceeded the statutory authority of the trial court. The State counters that the trial court was correct in concluding that Kennedy's claim was time barred because his February 11, 1998 motion for post-conviction relief was not filed within the statutory three-year time frame set out in Miss. Code Ann. § 99-39-5(2).[(1)] The State also contends that the trial court properly held Kennedy's motion barred by res judicata in that he had ample opportunity to present any and all claims with respect to his conviction in his numerous filings for post-conviction relief.

### a.

¶8. Kennedy essentially contends that his life sentence for murder is an illegal sentence, and as such, is not subject to either of the aforementioned bars. Kennedy further contends that even if the trial court had the authority to sentence him to life imprisonment for murder, the court erred in doing so because the indictment failed to include the portion of Miss. Code Ann. § 97-3-21 which authorizes the court to impose such a sentence. This Court has held that errors affecting fundamental constitutional rights may be excepted from procedural bars which would otherwise prohibit their consideration. **Luckett v. State**, 582 So. 2d 428, 430 (Miss. 1991). This exception to procedural bars for a claim of illegal sentence was noted by the Court in**Kennedy I** as well. **Kennedy v. State**, 626 So. 2d 103, 105 (Miss. 1993). Further, the right to be free from an illegal sentence has been found to be fundamental. *See **Sneed v. State,** No. 97-CP-00531-SCT, 1998 WL 635554 (Miss. Sept. 17, 1998).* Thus, Kennedy is entitled to have his claim considered on the merits.

b.

¶9. Kennedy asserts that the trial court was without authority to sentence him to life imprisonment absent a jury recommendation pursuant to Miss. Code Ann. § 97-3-21, which in 1978 read that,"Every person who shall be convicted of murder shall be sentenced by the court to imprisonment for life in the state penitentiary. Every person who shall be convicted of capital murder shall be sentenced to death. . ." Kennedy alleges that although a reading of the statute indicates that the trial court has authority to impose a life sentence for murder, it is implicitly understood that this power is vested only to a jury.

¶10. Miss. Code Ann. § 97-3-21 in effect at Kennedy's 1978 conviction and when the offenses occurred in 1977 clearly states that persons convicted of murder can be sentenced to life imprisonment by the court. The punishment for murder was life imprisonment, and it was the only sentence available to the court. Moreover, this Court has held that no jury is necessary for the imposition of a life sentence where a life sentence is the minimum which can be imposed. *Bullock v. Harpole*, 233 Miss. 486, 494, 102 So. 2d 687(1958). We conclude the court did not err in sentencing Kennedy to life.

¶11. Considering the merits of his claim that the court erred in sentencing him because the indictment failed to include portions of § Miss. Code Ann. § 97-3-21, we find no authority to support Kennedy's contention that this section, which sets out the penalties for murder and capital murder, must be included in the indictment. Therefore, this argument fails.

## III.

¶12. The State requests this Court to assess costs of this appeal against Kennedy. The State argues that he has continuously filed frivolous post convictions motions in addition to the present frivolous appeal. The trial court assessed Kennedy costs of $250 for filing the post conviction motion that is the subject of this appeal. Kennedy does not raise that point as error.

¶13. This Court has held that appropriate sanctions may be imposed upon pro se litigants. *Ivy v. State*, 688 So. 2d 223, 224 (Miss. 1997); *Roland v. State*, 666 So. 2d 747, 751-52 (Miss. 1995). These may take the form of monetary sanctions as well as appropriate restrictions on future filings. *Id*. In light of Kennedy's failure to demonstrate to this Court any hope of success on appeal, Kennedy should be sanctioned with costs of this appeal.

## IV.

¶14. For the foregoing reasons, the life sentence imposed by the trial court is affirmed.

¶15. Kennedy is assessed costs of this appeal.

¶16. **AFFIRMED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., McRAE, ROBERTS, SMITH, MILLS AND WALLER, JJ., CONCUR.**

1. A motion for relief under the Mississippi Uniform Post-Conviction Relief Act shall be made within three years after the prisoner's direct appeal is ruled on by this Court. Kennedy's appeal was decided on October 21, 1993.