BRIDGES, J.,
for the Court:
¶ 1. Sylvester Martin appeals the Lawrence County Circuit Court’s denial of his request for post-conviction relief. We affirm and remand.
FACTS
¶ 2. Martin was indicted by the Grand Jury of Lawrence County, Mississippi, on the crime of possession of a controlled substance with intent to transfer or sell, second and subsequent offender, as a habitual offender. Martin entered a guilty plea and was convicted on January 31, 1996, of possession of cocaine with intent to sell or distribute. He was sentenced to a term of thirty years in the custody of the Mississippi Department of Corrections, with fifteen years suspended. Martin was also ordered to pay a fine of $10,000, with an additional three years being suspended if said fine was paid within one year. Martin petitioned for post-conviction relief, and the Circuit Court of Lawrence County dismissed his motion denying him relief. Aggrieved, Martin argues on appeal that he was denied due process in sentencing because he was sentenced as a habitual offender, the fifteen year sentence was excessive and required a definite term which is reasonably expected to be less than life, and the sentence exceeded the life expectancy of a black male. We find that the appellant’s issue has merit and warrants reversal in this case.
ARGUMENT AND DISCUSSION OF LAW
I. WHETHER THE SENTENCE OF FIFTEEN YEARS IMPOSED PURSUANT TO A GUILTY PLEA TO POSSESSION OF A CONTROLLED SUBSTANCE, AT THE TIME THE *1196 APPELLANT WAS AGE FIFTY-SIX, DID EXCEED THE LIFE EXPECTANCY FOR BLACK MALES AT 64.9 YEARS, AND WOULD DISCLOSE A DENIAL OF DUE PROCESS IN SENTENCING IN WHICH VIOLATES THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION, AND ARTICLE THREE SECTION FOURTEEN OF THE MISSISSIPPI CONSTITUTION.
¶ 3. Martin argues on appeal that he was not sentenced as a habitual offender and the sentence of fifteen years is excessive and for a period of time longer than permitted by statute. Martin cites Stewart v. State, 372 So.2d 257 (Miss.1979), Luckett v. State, 582 So.2d 428 (Miss.1991), Grubb v. State, 584 So.2d 786 (Miss.1991), and Kennedy v. State, 626 So.2d 103 (Miss.1993) to support his argument. These cases all involve statutes that limit the trial judge in sentencing. The State argues that these cases do not apply in this case because Martin was sentenced as a habitual offender under Miss.Code Ann. § 41-29-139(b)(1), (Rev.1993). This statute limits the sentence to thirty years but does not specify that the sentence must be less than life. Id.
¶ 4. Martin correctly argues that he should not have been sentenced under the habitual offender statute. The record shows that Martin was indicted as a habitual offender. However, the State moved to amend the charge by striking the habitual offender language, leaving the charge as a straight possession with the intent to distribute. The court allowed the amendment, and Martin pled guilty to the charge of possession of cocaine with the intent to sell or distribute. After striking the habitual offender language from the charge, the circuit court then sentenced Martin to thirty years in the Mississippi Department of Corrections with fifteen of those years suspended and an additional three years to be suspended if Martin’s fine was paid within one year. Mississippi Code Annotated § 99-18-81 (1994) states that the sentence for a habitual offender cannot be reduced or suspended. The record clearly shows that the trial judge correctly sentenced Martin and did not sentence him under the habitual offender statute. However, the mittimus prepared by the circuit court clerk incorrectly reads that Martin was sentenced as a habitual offender under Mississippi Code Annotated § 99-19-81 (1994). Accordingly, we are affirming the sentence, but we are remanding this case for the circuit court clerk to strike § 99-19-81 from the mittimus so that it will properly reflect Martin’s sentence.
¶ 5. THE JUDGMENT OF THE CIRCUIT COURT OF LAWRENCE COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED AND THE CAUSE REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS ARE ASSESSED TO LAWRENCE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., DIAZ, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR.
MOORE, J., NOT PARTICIPATING.