THOMAS, J.,
for the court.
¶ 1. Deshawn White was found guilty in the Circuit Court of Chickasaw County of two counts of aggravated assault and was sentenced to serve two consecutive twenty year terms and ordered to pay $248 restitution, $1,000 for court appointed counsel, a 2% bond fee, and $100 to the Victim’s Compensation Fund. Aggrieved, he asserts the following issue:
I. THE LOWER COURT ERRED IN FAILING TO SUSTAIN THE DEFENDANT’S MOTION FOR MISTRIAL WHEN THE STATE’S WITNESS TESTIFIED REGARDING BULLET HULLS WHICH HAD NOT PREVIOUSLY BEEN DISCOVERED.
Finding no error, we affirm.
FACTS
¶2. Deshawn White was present at Mom’s Apple Pie Club in Okolona on February 20, 2000. At approximately midnight, a shooting occurred at the club in which both an employee and a patron at the club were shot. White was arrested for the shooting on information given to authorities at the scene. On March 8, 2000, White was indicted and charged with one count of theft of money from an employee at Mom’s Apple Pie Club in an amount exceeding $250 and two counts of aggravated assault. The aggravated assault charges were for the shooting of *778 Rosie Moore, the employee, and Tony Hampton, a patron. Trial was held on October 10, 2000.
¶ 3. At trial, Rosie Moore testified that Deshawn White came in with a gun and shot Tony Hampton in the leg as he was crawling in the door of the club. She did not realize that she too had been shot in the leg until she felt blood coming from the wound. She also testified that she had a box of money which represented cover charges and that it was taken at some point after she realized she had been shot. Tony Hampton testified that he was punched in the face while dancing at Mom’s Apple Pie Club. He went outside and was attacked by a group of people. As he attempted to get away and crawled back into the doorway of the club, he was shot in the leg. He identified White as the person who shot him as he crawled inside. The investigating officer also testified for the State. He testified that no money was ever found, but that the box that allegedly contained the money was found approximately thirty feet from the club.
¶ 4. White called two witnesses in his defense. LaTonya Washington testified that she had been with White outside of Mom’s Apple Pie Club at the time of the shooting and that White could not have fired the shots. Patrick Clemmer testified that he had ridden with White to the club, and that he was responsible for initially punching Tony Hampton, but that he did not see White in the room when gunfire erupted. White also testified in his own defense. He denied having shot anyone, and testified that he was outside at the time of the shooting.
¶ 5. In rebuttal, the State put Cato McGaughy, a disk jockey at the club, on the stand. McGaughy testified that he saw White shoot Hampton twice. McGau-ghy also testified that in helping with the police investigation, he found one empty hull from the gun and that a total of three were found at the scene. White’s counsel objected to this testimony since it had not previously been disclosed in discovery. The trial court sustained the objection and instructed the jury to disregard the questions and response regarding the empty hulls. White moved for a mistrial and was denied. The jury found White guilty of two counts of aggravated assault but not guilty on the charge of robbery.
ANALYSIS
I. DID THE LOWER COURT ERR IN FAILING TO SUSTAIN THE DEFENDANT’S MOTION FOR MISTRIAL WHEN THE STATE’S WITNESS TESTIFIED REGARDING BULLET HULLS WHICH HAD NOT PREVIOUSLY BEEN DISCOVERED?
¶ 6. White objected to the testimony regarding the number of hulls found at the scene of the shooting on the ground that the State was attempting to introduce evidence which it had failed to provide in discovery. The trial court, in sustaining White’s objection and instructing the jury to disregard the testimony regarding the hulls, followed correct procedure under Uniform Circuit and County Court Procedure Rule 9.04. The court is not required to grant a mistrial if Rule 9.04 is followed. Cross v. State, 759 So.2d 354, 357 (¶ 16) (Miss.1999). A trial court should grant a mistrial if there occurs an “error or legal defect in the proceeding, or conduct inside or outside the courtroom, resulting in substantial and irreparable prejudice to the defendant’s case.” Smothers v. State, 756 So.2d 779, 785(¶ 16) (Miss.Ct.App.1999). If the error does not create irreparable prejudice, the judge should instruct the jury to disregard the improper remark. The jury is presumed to have followed the instructions of the trial court. Id.
*779 ¶ 7. Inexplicably, White now raises on appeal the issue that the evidence in question, if he had prior discovery pertaining to it, would have been exculpatory. White asserts that the evidence tends to show that the State’s witnesses were incorrect in their allegations and that there possibly was another shooter present. Proper procedure would have been for White to object to the evidence and move for a continuance in order to perform discovery on the information regarding the three hulls found at the scene. The trial court will not be held in error on a legal point that was not presented for its consideration. Goree v. State, 750 So.2d 1260, 1262(¶4) (Miss.Ct.App.1999). “It is elementary that different grounds than the objections presented to the trial court cannot be presented for the first time on appeal.” Russell v. State, 607 So.2d 1107, 1117 (Miss.1992), citing Thornhill v. State, 561 So.2d 1025, 1029 (Miss.1989). However, even if White had preserved the position that the evidence was exculpatory, this position is flawed.
¶ 8. The State’s case presented evidence that White fired the shots that injured both Rosie Moore and Tony Hampton. Moore testified that she thought three shots were fired and Hampton testified only that he was shot twice, but he did not testify as to how many shots total were fired. Both White and one of the defense witnesses testified that he was outside the building and could not have fired the shots. Under these circumstances, the finding of three hulls on the ground would not have been exculpatory. We hold that the trial court did not err in denying White’s motion for mistrial.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF CHICKASAW COUNTY OF CONVICTION OF COUNT II AGGRAVATED ASSAULT AND SENTENCE OF TWENTY YEARS AND COUNT III AGGRAVATED ASSAULT AND SENTENCE OF TWENTY YEARS, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AND $100 TO THE VICTIM’S COMPENSATION FUND IS AFFIRMED. SENTENCES IN COUNTS II AND III SHALL RUN CONSECUTIVELY. COSTS OF THIS APPEAL ARE ASSESSED TO CHICKASAW COUNTY.
McMILLIN, C. J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.