952 So.2d 302 (2007)
Riley Hampton McLEOD, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-CP-00261-COA.
Court of Appeals of Mississippi.
March 13, 2007.
*303 Riley Hampton McLeod, Appellant, pro se.
Office of the Attorney General by John R. Henry, attorney for appellee.
Before MYERS, P.J., IRVING, BARNES and CARLTON, JJ.
CARLTON, J., for the Court.
¶ 1. This is an appeal from the dismissal of a motion for post-conviction relief. The sole issue presented is a challenge to the legality of McLeod's sentence. Finding the sentence is legal, we affirm.

FACTS
¶ 2. In 1971, Riley Hampton McLeod was indicted twice, both times for the crime of robbery with a deadly weapon. On March 5, 1971, McLeod entered a guilty plea to both of the charges and was sentenced to life in prison on each conviction. Each indictment and sentence is reflected in the minutes of the Forrest County Circuit Court for the March 1971 term under cause numbers 7245 and 7247.
¶ 3. Although not reflected in the record, the State included in its brief that McLeod had escaped from custody in 1972 and was not back in the custody of the State for some twenty-seven years. McLeod has filed multiple motions since his return to prison, the details of which are not relevant to the present discussion. His current appeal is from the denial of his motion for post-conviction relief by the Forrest County Circuit Court and has been assigned to this Court.

DISCUSSION
¶ 4. McLeod argues that both of his sentences are illegal. He relies on case law to argue that the statute under which he was punished did not authorize a judge to sentence him to life in prison. Kennedy v. State, 626 So.2d 103 (Miss.1993); Stewart v. State, 372 So.2d 257 (Miss.1979); Goree v. State, 750 So.2d 1260 (Miss.Ct. App.1999).
¶ 5. Motions for post-conviction relief must be made within three years of a guilty plea with a few statutorily defined exceptions that do not apply to McLeod's situation. Miss.Code Ann. § 99-39-5 (Supp.2006). However, allegations of an illegal sentence will be reviewed even if they are filed after the three-year deadline. Twillie v. State, 892 So.2d 187, 191(¶ 12) (Miss.2004). The issue presented raises a question of law and is reviewed de novo. Id. at 189(¶ 6).
¶ 6. The current version of the statute under which McLeod was sentenced, titled "Robbery; use of deadly weapon," states:
Every person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon shall be guilty of robbery and, upon conviction, shall be imprisoned for life in the state penitentiary if the penalty is so fixed by the jury; and in cases where the jury fails to fix the penalty at imprisonment for life in the state penitentiary the court shall fix the penalty at imprisonment in the state penitentiary for any term not less than three (3) years.

*304 Miss.Code Ann. § 97-3-79 (Rev.2006) (emphasis added). This language was enacted on April 23, 1974. 1974 Miss. Laws, ch. 576, § 4. The language of armed the robbery statute in effect at the time McLeod was convicted and sentenced was titled, "Robbery with firearms," and stated:
Every person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon shall be guilty of robbery and, upon conviction, shall be punished by death if the penalty is so fixed by the jury; and in cases where the jury fails to fix the penalty at death, the court shall fix the penalty at imprisonment in the penitentiary for any term not less than three years.

The passage of this Act shall not be held to repeal any existing criminal statute of the state.
1932 Miss. Laws, ch. 328, codified Miss. Code § 2367 (1942) (emphasis added).
¶ 7. The cases relied upon by McLeod do not support his conclusion. Both Kennedy and Goree rely on Stewart in addressing whether a trial judge improperly sentenced a defendant under the current statutory language leaving to the discretion of the jury alone whether to sentence a defendant to life in prison. Kennedy, 626 So.2d at 105 (citing Stewart, 372 So.2d at 259); Goree, 750 So.2d at 1263(¶ 7) (citing Stewart, 372 So.2d at 258-59). McLeod argues that Stewart controls whether he could have been sentenced to life in prison.
¶ 8. In Stewart, the jury failed to fix the maximum sentence of life imprisonment allowed under the current statute. Stewart, 372 So.2d at 257. Since the maximum sentence for the crime of armed robbery at the time Stewart was convicted and sentenced was life imprisonment, which only a jury could impose, the trial judge was restricted to sentence Stewart to "a definite term reasonably expected to be less than life." Id. Stewart had been sentenced to seventy-five years imprisonment. Id. The Court remanded Stewart's cause for the trial court to "make a record of and consider all relevant facts necessary to fix a sentence for a definite term reasonably expected to be less than life." Id. at 259. The trial court was instructed to consider "the age and life expectancy of the defendant and any other pertinent facts which would aid in fixing a proper sentence."
¶ 9. Prior to the enactment of the current statutory language in 1974, the Mississippi Supreme Court examined whether or not a trial court properly exercised discretion according to Section 2367 of the 1942 Code in sentencing a defendant to life in prison. Flegg v. State, 202 Miss. 179, 183-84, 30 So.2d 615, 616 (1947). There, a jury convicted Flegg of armed robbery pursuant to Section 2367, but "failed to fix the penalty." Id., 202 Miss. at 182, 30 So.2d at 615. The court was presented with the issue of "the appropriateness of the life sentence imposed in this case since `the trial court failed to exercise the discretion vested in him by the Legislature.'" Id., 202 Miss. at 183, 30 So.2d at 616. The court reasoned that the statute "very carefully fixed the minimum imprisonment at not less than three years in the penitentiary, which authorized the trial court to impose a sentence of life imprisonment, in his discretion." Id., 202 Miss. at 184, 30 So.2d at 616. Due to the statutory discretion entrusted to the trial court, the court held that the matter "is, therefore, not reviewable. . . ." Id.
¶ 10. We find no reason to distinguish McLeod's situation from Flegg even though Flegg was convicted by a jury and McLeod was convicted by entering a guilty *305 plea. Both cases involve a conviction for violating Section 2367 and a jury did not impose the maximum sentence of death. We also find that Stewart and subsequent cases relying on that precedent are not relevant here due to the statutory change in 1974 reducing the maximum sentence for armed robbery from death, to life imprisonment.
¶ 11. Under the effective statutory language at the time McLeod was convicted and sentenced, a life sentence was within the discretion of the trial court if a jury failed to fix a sentence of death. McLeod, by entering his guilty plea, wholly avoided the possibility of a jury fixing a sentence of death. Upon McLeod's conviction the trial judge had the statutory discretion to issue a sentence of a minimum three-year's imprisonment to a maximum of life imprisonment. McLeod's motion for post-conviction relief was not dismissed in error.
¶ 12. THE JUDGMENT OF THE FORREST COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MCLEOD IN THE AMOUNT OF NINETY-THREE DOLLARS AND THE REMAINDER TO FORREST COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES ISHEE AND ROBERTS, JJ., CONCUR.