# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CP-00091-COA

**MICHAEL PORTER A/K/A MICHAEL ANTONIO PORTER**  APPELLANT

**v.**

**STATE OF MISSISSIPPI**  APPELLEE

DATE OF JUDGMENT: 12/16/2022
TRIAL JUDGE: HON. ROBERT THOMAS BAILEY
COURT FROM WHICH APPEALED: LAUDERDALE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT: MICHAEL PORTER (PRO SE)
ATTORNEY FOR APPELLEE: OFFICE OF THE ATTORNEY GENERAL
BY: SCOTT STUART
NATURE OF THE CASE: CIVIL - OTHER
DISPOSITION: VACATED AND REMANDED - 02/06/2024
MOTION FOR REHEARING FILED:

**BEFORE BARNES, C.J., GREENLEE AND McCARTY, JJ.**

**McCARTY, J., FOR THE COURT:**

¶1.    An inmate requested the Mississippi Department of Corrections reclassify his status from habitual offender to non-habitual. The trial court denied him relief. While precedent establishes he is not a habitual offender, his claims were ultimately filed in the wrong county. Therefore, we vacate the ruling of the trial court and remand for a transfer to the proper county.

## BACKGROUND

¶2.    In 1997, Michael Porter was convicted of armed robbery. Although he was not indicted as a habitual offender, the trial court used language in its sentencing order finding he was habitual. Specifically, it found "that the Defendant is a habitual offender under 99-

19-81 MCA *even though not stated in the indictment . . . .*" (Emphasis added).

¶3.     On appeal, this Court reviewed the alleged imposition of a habitual sentence and found that the trial court had incorrectly used this terminology. *See Goree v. State*, 750 So. 2d 1260, 1263 (¶9) (Miss. Ct. App. 1999).[1]  Although Porter interpreted "the record as indicating that the State made a motion to amend" its indictment, we explained that "Porter was not sentenced as a habitual offender." *Id.*  Rather, the State simply asked the trial court to "take into account Porter's habitual offender status" when considering the imposition of his sentence. *Id.*

¶4.     Over twenty years later, in 2022, Porter then filed what he titled as a "Motion for Post-Conviction Relief" with the Mississippi Supreme Court.  In his motion, he argued his MDOC timesheet incorrectly classifies him as a habitual offender.  Specifically, Porter contends that because his sentencing order uses incorrect terminology, "MDOC is misinterpreting" the order and, in turn, his classification regardless of the Court of Appeals' explicit finding to the contrary.

¶5.     On September 21, 2022, a panel of the Supreme Court issued an order finding that the "nature" of Porter's motion is characterized as that "of an appeal from a decision by the Mississippi Department of Corrections' Administrative Remedy Program" and should be "treated as such."  Because of the re-characterization of Porter's filing, the Supreme Court dismissed his motion without prejudice so that it could be filed in the proper court.

---

[1] In this case, Porter was tried and sentenced with his co-defendant Tommy Goree. Because of this, the full style of the case is *Tommy Goree and Michael Porter v. State of Mississippi*.

2

¶6.     Within five days of the order, Porter filed his lawsuit in Lauderdale County Circuit Court—his court of conviction. Despite the Supreme Court's re-characterization of the filing as an appeal of an ARP, Porter retained his prior verbiage invoking the PCR statutes.

¶7.     Despite finding Porter's petition was time-barred, because the crux of his argument alleged a violation of his constitutional rights, the trial court nonetheless chose to address his claim on the merits.  Reiterating this Court's finding that Porter was not sentenced as a habitual offender, the trial court ultimately found his claim was without merit, stating:

> Whether Petitioner is classified as a habitual offender by the MDOC or not does not affect the legal sentence that was given to him by the trial court and affirmed by the Court of Appeals.

Consequently, the trial court dismissed Porter's claims.

¶8.     Porter appealed, and his case was assigned to us for review.

## DISCUSSION

¶9.     We view this case through the lens crafted by the Supreme Court in its order on September 21, 2022.  Namely, that Porter's filing should be "treated as an appeal from the decision of the [MDOC's] Administrative Remedy Program," not as a PCR.  However, both the trial court and the Attorney General in response to Porter's claims use precedent and terminology relating to PCRs.  But this misses the mark, as the Supreme Court has expressly ordered that Porter's claims are to be "treated as an appeal from the decision of the Administrative Remedy Program."

¶10.    It is clear the substance of Porter's petition is for MDOC to reclassify his status as non-habitual.  Indeed, there is no basis in law for Porter to be classified as a habitual

offender, as our 1999 opinion on his direct appeal makes clear. Absent both an indictment charging Porter as a habitual offender and proof at sentencing of two prior convictions, the trial court was without authority to declare Porter a habitual offender. *See Vince v. State*, 844 So. 2d 510, 516 (¶17) (Miss. Ct. App. 2003) (reversing habitual sentence when indictment failed to "include both the principal charge and a charge of previous convictions" and to "allege with particularity the nature or description of the offense constituting the previous convictions"); *Williams v. State*, 351 So. 3d 482, 487-88 (¶¶13-15) (Miss. Ct. App. 2022) (reversing and rendering habitual sentence when the State failed to produce proof of two prior convictions at sentencing).

¶11. Nonetheless, despite the error classifying Porter as habitual when he is clearly not, we must dismiss for lack of jurisdiction. The State points out that Porter filed his lawsuit in Lauderdale County, his place of conviction, not Yazoo County, his county of incarceration. But an appeal of an ARP decision must be "filed in the county where the prisoner is incarcerated," not in his county of conviction. *See McManus v. State*, 310 So. 3d 332, 333 (¶1) (Miss. Ct. App. 2021). Here, just as in *McManus*, we find the proper remedy in this case is to vacate the circuit court's order and remand for the court to transfer Porter's motion to the Yazoo County Circuit Court for further review.

## CONCLUSION

¶12. The circuit court's order is vacated, and this case is remanded with instructions to transfer the case to the Yazoo County Circuit Court.

¶13. **VACATED AND REMANDED.**

4

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE AND EMFINGER, JJ., CONCUR. SMITH, J., NOT PARTICIPATING.**